GEORGE McMILLAN, PLAINTIFF IN ERROR, vs. ARCHIBALD LACY, DEFENDANT IN ERROR.

1. Trespass, *quare clausum fregit*, is a local action in which the plaintiff is

required to prove that the place is within the jurisdiction of the Court, and the defendant may show by testimony that it is not within it.

2. A plea that a difference exists between the States of Georgia and Florida as to whether the premises lie within the jurisdictional limits of the State of Georgia or the State of Florida; that the premises are claimed by the State of Georgia to be within her jurisdiction; that no line has been run and marked defining the boundary between the States; that A. having judgment and execution on recovery of a claim of land against one M., the sheriff by virtue thereof executed the writ by putting out the goods and chattels of plaintiff L. and delivering possession to defendant, as agent of the plaintiff in execution, is not a good bar to the action.

Writ of Error to a judgment of the Circuit Court for Jefferson county.

This was an action of trespass instituted by the defendant in error against the plaintiff in error and others for entering the house and premises of the plaintiff, alleged to be in Jefferson county in this State, and expelling him and his family therefrom, and throwing his furniture out of doors, &c.

Process was served on plaintiff in error only, who appeared and filed three pleas.

The first was the plea of not guilty. The third that the premises were not in the State of Florida. The second was a special plea alleging in substance that a difference exists between the States of Georgia and Florida as to whether the premises lie within the jurisdictional limits of the State of Georgia or the State of Florida; that the premises are claimed by said State of Georgia to be within her jurisdiction; that no line has been by authority run and marked defining the boundary between said States; that Archibald McMillan having impleaded one Charles McCoy,

tenant in possession at the time, in the Superior Court of Thomas county, Georgia, of and concerning the identical land in the declaration mentioned, recovered a judgment in said Court, and obtained an award of a writ of *habere facias possessionem;* that the sheriff of Thomas county, in executing the command of said writ, necessarily entered the house and put out the goods and chattels of plaintiff, and that said Sheriff delivered the possession of said premises to defendant, who received the possession thereof as the agent of said Archibald McMillan, &c.

To this plea there was a demurrer, which being sustained by the Court, defendant excepted.

The issues upon the first and third pleas were submitted to the jury, who returned a verdict for eight hundred dollars, upon which judgment was entered.

From the judgment sustaining the demurrer to the second plea, plaintiff in error prosecuted his writ to this Court.

*M. D. Papy* for plaintiff in error.

*John Erskine* for defendant in error.

BALTZELL C. J. delivered the opinion of the Court.

This was an action of trespass *quare clausum fregit* instituted by the plaintiff Lacy against the defendant McMillan and others, for entering the close and house of plaintiff situate in Jefferson county in this State, and expelling him and his family with force, and throwing his furniture out of doors.

The process was served on one of the defendants only, who appeared and filed three pleas—the first not guilty, the second a special plea, and thirdly a plea that

the premises in the declaration mentioned are not in the State of Florida. The case was submitted to the jury on the 1st and 3d pleas, who found for the plaintiff and assessed the damages at $800. To the special plea a demurrer was filed, which the Court sustained, and the correctness of this ruling is the only subject of complaint in this Court.

This plea alleges that a difference exists between the States of Georgia and Florida as to whether the premises lie within the jurisdictional limits of the State of Georgia or the State of Florida; that the premises are claimed by said State of Georgia to be within her jurisdiction; that no line has been by authority run and marked defining the boundary between said States; that Archibald McMillan having judgment and execution on recovery of a claim of land against one Charles McCoy, the sheriff by virtue thereof executed the writ by putting out the goods and chattels of plaintiff Lacey, and delivered the same to defendant as agent of said McMillan. Such is the substance of the plea. It is very obvious that this entire defence is disposed of by the plea of the general issue, and the third plea alleging that the premises are not in the State of Florida.

"Under the plea of not guilty the plaintiff will have to prove the trespass, the place in which it was committed, so as to make it correspond with the description of the *locus in quo* in the declaration, and the damage." 1 Arch. N. P. 214. "The parish and county also stated in the declaration by way of local description must be proved as laid; a variance would be fatal." Ibid. 317. "The defendant may disprove everything which it is incumbent on the plaintiff to prove, namely, the

67

trespass, the matter of aggravation, &c., or that it was committed in the place described in the declaration." Ibid. 318.

It is a general rule that a plea which amounts to the general issue is bad.   Arch. Pl. & Ev. 178.

The premises then being out of the jurisdictional limits of the State of Georgia, what pretext is there for the exercise of jurisdiction by her Courts.   In justification of such an act it will not do to cite authorities to the effect that a judgment is conclusive and that a sheriff is bound to obey the mandate of his Court.   These all apply to cases within the jurisdiction of the Court and not to acts committed within a foreign sovereignty and jurisdiction.   Can it be credited for a moment that Georgia would tolerate the service of process by an officer within her limits or permit the jurisdiction of our Courts there.

Independent of this the addition to the plea of the fact that the Supreme Court of Georgia had adjudicated upon the subject matter of contest, by no means strengthens the defence impaired as it is by the other statements preceding it, of the difference between the two States—the premises in contest being claimed alike by Georgia and Florida and no boundary line being run.   For this action is strictly local in its character, and may not be brought out of the jurisdiction in which the alleged injury was committed.—Livingston vs. Jefferson, 1 Brockenborough.

The allegation is not that the premises are within the jurisdictional limits of Georgia, but are claimed to be.   Such an allegation may be regarded as an admission of the right being with the State of Florida.   Certainly no assumption of jurisdiction can with propriety be based on a claim

which will not bear the assertion of right, and put in issue the fact of its existence.   It is easily perceived that there can be no traverse or denial of the fact that Georgia claimed this district of country, nor would the finding of such a fact determine the points at issue.   The verdict of the jury establishes the fact of the locality of the premises.   Are we on the mere suggestion of the contrary to conclude that their finding is enough, and that the reverse is the fact ?

But we see nothing in the judgment or execution referred to, to conclude the rights of plaintiff Lacey.  The sheriff had no authority under the latter to turn him out of possession. He is not proved to be in privity with McCoy, the defendant on the record, either as tenant, lessee or in any other shape.   It is true there may be some confusion in the Enlish books on the subject, but the right and justice of the matter agree with the view taken by the American authorities.   "A judgment is evidence of the right of entry, as between parties and privies, so as to protect the lessor in ejectment against an action of trespass."   13 John. 229.

"An alias writ of *habere facias* will be granted where a person is dispossessed by a person claiming under defendant's title, but this does not extend to a stranger."   11 Wend. 182, 4 Ala. 582.

On the whole case we see nothing to make us question the correctness of the judgment of the Circuit Court.   It is therefore affirmed with costs.