MARIE HARBY, *Plaintiff in Error*, v. FLORIDA EAST COAST HOTEL COMPANY, A CORPORATION, *Defendant in Error*.

1. Compensatory damages may be recovered from the negligent party for personal injuries and physical pain suffered as well as for expenses and losses incurred by another as a proximate result of a negligent injury. Expenses and losses may be capable of reasonably certain ascertainment, but personal in-

juries and physical pain cannot be measured by any standard of pecuniary value; and the law makes it the province of the jury to ascertain the amount of damages to be awarded in the latter classes of cases, subject to such powers of review as are known to the law to prevent abuses of the discretion given to juries.

2. The amount of damages awarded by a jury is within their peculiar province and will not ordinarily be disturbed by the trial court or by an appellate court on the ground that the damages allowed are too small, where there is legal evidence to support the finding, unless it clearly appears that some rule of law has been violated or that the jury were not governed by the evidence in fixing the amount of the damages allowed. But the trial court or the appellate court may ordinarily interfere to prevent injustice that would otherwise be done through an abuse of the proper discretion of the jury in the particular case.

3. Conceding that in appropriate proceedings the appellate court may review questions of the inadequacy of compensatory damages awarded in actions *ex delicto* where the inadequacy relates only to personal injury and physical pain, it does not appear from the evidence that the jury as reasonable men could not have fairly placed upon the injury and suffering shown the compensating value stated in the finding and judgment.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Bryan & Bryan* and *C. E. Davis,* for Plaintiff in Error;

*Kay, Doggett & Smith,* for Defendant in Error.

WHITFIELD, C. J.—A writ of error was taken by the plaintiff below to a judgment awarding her damages for personal injury and expenses caused by defendant's negligence, and the sole question presented is the inadequacy of the damages awarded. The bill of exceptions contains a portion of the evidence adduced at the hearing and the trial judge states in the bill of exceptions that "there was no other evidence as to the measure of damages."

Special Rule 1 of the Supreme Court Rules provides that "unless it shall be necessary to insert" in the bill of exceptions all the evidence introduced at the trial "to enable the plaintiff in error to have reviewed some ground relied on for reversal in the assignment of errors, it shall not be necessary to insert in such bill of exceptions all the evidence introduced at the trial, but only so much and such parts thereof as is necessary to enable the appellate court to properly review the rulings of the trial court mentioned in the assignment of errors." As only compensatory damages were sought in this action, the evidence as to the circumstances under which the injury was received, or as to any other feature of the case, does not appear to be essential in determining the inadequacy of the damages; and the statement of the trial judge in verifying the evidence contained in the bill of exceptions that "there was no other evidence as to the measure of damages," sufficiently indicates that the bill of exceptions contains "so much and such parts" of the evidence "as is necessary to enable the appellate court to properly review" the amount of damages awarded.

Compensatory damages may be recovered from the negligent party for personal injuries and physical pain suffered as well as for expenses and losses incurred by another as a proximate result of a negligent injury. Expenses and losses may be capable of reasonably certain ascertainment, but personal injuries and physical pain

cannot be measured by any standard of pecuniary value; and the law makes it the province of the jury to ascertain the amount of damages to be awarded in the latter classes of cases, subject to such powers of review as are known to the law to prevent abuses of the discretion given to juries. The amount of damages awarded by a jury is within their peculiar province and will not ordinarily be disturbed by the trial court or by an appellate court on the ground that the damages allowed are too small where there is legal evidence to support the finding, unless it clearly appears that some rule of law has been violated or that the jury were not governed by the evidence in fixing the amount of the damages allowed. But the trial court or the appellate court may ordinarily interfere to prevent injustice that would otherwise be done through an abuse of the proper discretion of the jury in the particular case. See Phillips v. The London and South Western Railway Company, L. R. 5 Q. B. Div. 78; Benton v. Collins, 125 N. C. 83, 34 S. E. Rep. 242, 47 L. R. A. 33 and notes.

Damages were awarded in the sum of $500.00. It was shown without contradiction that the physician's bills incurred because of the injury amounted to $236.00, which left $264.00 for the personal injury and physical pain.

Conceding that in appropriate proceedings the appellate court may review questions of inadequacy of compensatory damages awarded in actions *ex delicto* where the inadequacy relates only to personal injury and physical pain, the evidence on which the finding was made will be considered. The plaintiff fell down the shaft of an elevator at a hotel of defendant and was rendered almost unconscious from the fall; had pains in her side, and dislocated her right wrist. As the setting of the dislocated bones of the wrist was not successful, she had

to undergo two operations and suffered great pain for six or more weeks. The wrist became swollen, stiff and deformed, while the hand was somewhat livid and very painful. The necessary treatment of the injury gave great pain. Good use of the hand and wrist might be regained after one to three years. The injury is probably a permanent one.

On this evidence could the jury as reasonable men have found a verdict of only $264.00 for the personal injury and physical suffering shown? Does the small amount allowed for the injury and pain shock the judicial conscience? Does a fair consideration of the evidence show clearly that the jury was influenced by passion, prejudice, partiality, corruption or other matter outside of the evidence? Does it plainly appear that the jury were not governed by the evidence in fixing the amount of damages stated in the verdict? We think not. It is the duty of the plaintiff in error to make the error assigned clearly to appear. While it is true the damages allowed seem to be rather small for the injury complained of, yet the jury who saw and heard all the witnesses including the plaintiff, and whose peculiar province it was to ascertain the damages to be allowed, obviously considered the amount proper compensation for the injury and pain suffered by the plaintiff, and there is nothing in the evidence or in the finding to clearly indicate that the jury were not governed by the evidence, or that they abused their discretion in rendering the verdict. The only expenses proven are the doctor's bills as above. Loss of earning capacity or the like is not shown. It does not appear that reasonable men could not have fairly placed upon the injuries and suffering sustained the compensating value stated in the finding. See Pensacola Electric Co. v. Bissett, decided this term. It must be assumed that the trial judge properly charged the jury

upon the elements of damage to be considered, and the finding as made has been approved by the trial court in refusing a new trial asked for on the specific grounds that "the jury ignored the charge of the court as to the measure of damages" and that "the damages assessed are manifestly and clearly inadequate."

No reversible error has been made to appear and the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR and PARKHILL, J. J., concur in the opinion;

HOCKER, J., dissents.