·LAKELAND IDEAL FARM & DRAINAGE DISTRICT, a Corpora-
tion, et al., Appellants, v. E. M. MITCHELL, *Appellee.*

Division B.

Opinion filed May 24, 1929.

*Cassels & Trinkle* for Appellants;

*John S. Edwards,* for Appellee.

STRUM, J.—The defendants below, Lakeland Ideal Farm & Drainage District, and others, prosecute this appeal from an order overruling their demurrer to the bill of complaint brought against them by complainant below, E. M. Mitchell. The bill alleges that the Lakeland Ideal Farm & Drainage District has been duly organized and incorporated in Polk County pursuant to Sec. 1098, et seq. Rev. Gen. Stats. 1920, Secs. 1451 et seq. Comp. Gen. Laws 1927. The District lies partly in Polk County and partly in Hillsborough County. Complainant below, E. M. Mitchell, alleges that he is the owner and in possession of certain land embraced within the limits of the Drainage District, complainant's lands being situate in Hillsborough County. The bill of complaint was brought in the Circuit Court for Polk County. The bill further alleges the construction by the Drainage District of a certain drainage canal along a stream flowing through the lands of complainant; that the defendant Drainage District, acting through its Trustees and other agents, have cut trees and thrown them into and across the stream, thereby stopping the flow of the water in its natural flow along said stream, causing an overflow upon complainant's lands, irreparably, so it is alleged, damaging the same, as well as certain crops of the complainant growing upon and affixed to said lands. The bill alleges past, present and continuing acts of trespass causing irreparable damage. The bill is brought against the Drainage District, a corporation, and against the individuals who are its trustees, in their capacity as such, and certain other persons alleged to be participating in the

acts of trespass by authority of the District and its Trustees. The bill prays for injunction and damages. It is alleged in the bill that certain of the Trustees who are defendants are residents of Polk County, in which the suit was brought.

The defendants demurred to the bill upon the grounds, amongst others, that the bill shows upon its face that the subject matter of the suit, complainant's land, is not within the jurisdiction of the Circuit Court of Polk County, and that the suit is therefore not cognizable by that Court. The demurrer was overruled, from which order this appeal is taken.

Complainant below, appellee here, seeks to sustain the jurisdiction of the Circuit Court for Polk County upon authority of Sections 1098, et seq. Rev. Gen. Stats. 1920 (Secs. 1451, et seq. Comp. Gen. Laws 1927). Those sections provide in detail for the formation and incorporation of drainage districts, by petition, by the persons and under the circumstances and procedure therein set out. Sec. 1099 concludes with the language: ''The Circuit Court of the County in which said petition has been filed shall thereafter maintain and have original and exclusive jurisdiction, co-extensive with the boundaries and limits of said District, without regard to County lines, for all purposes of this article.'' Complainant contends that since the District was organized in Polk County, Florida, and since the damage occurred in carrying out the authorized functions of the District, this suit may be maintained in Polk County upon authority of the statutory provision just quoted. It is clear, however, that the provision just quoted, taken in connection with the context in which it is found, related only to the formation, incorporation, and perhaps to the administration of such District. It does not embrace matters of the character here under consideration.

Complainant further contends that the provisions of Sections 2579, 2580 and 3105, Rev. Gen. Stats. 1920 (Secs. 4219, et seq. Comp. Gen. Laws 1927), authorize the bringing of this suit in Polk County, since certain of the defendant Trustees of the District are residents of Polk County. Sec. 2579, *supra*, is the general locality of action statute relating to actions at law, which provides that suits shall be brought only in the county where the defendant resides, or where the cause of action accrues, or where the property in litigation is. Sec. 2580, *supra*, provides that suits against two or more defendants residing in different counties may be brought in any county or district in which any defendant resides. Sec. 3105 provides that all provisions of law governing locality of actions at law, when they can be made applicable, govern those in chancery.

The statutes last mentioned affect only the venue of actions. The authority of the statute to bring the action in the county of defendant's residence, or where there are two or more defendants, in the county where any of them reside, necessarily presupposes that the court in which the action is brought possesses jurisdiction of the *subject matter* of the action as well as of the parties. Those statutes do not purport to confer generally extra-territorial jurisdiction as to subject matter located in another county, nor to change existing rules with reference to the locality of actions which in their essential nature are local and therefore must be brought in a court having jurisdiction of the subject matter as well as of the parties.

Certain actions incidentally and secondarily involving real property are transitory in their nature and may be brought in the county or residence of the defendant, even though the defendant therein is compelled to allege, and if denied, to prove, the ownership of the land. See Hodges v. Hunter, 61 Fla. 280, 54 So. R. 811, 34 L. R. A. (N. S.)

994; Morgan v. Eaton, 59 Fla. 280, 51 So. R. 814, the former an action in trover for conversion of logs which the defendants felled and removed from plaintiff's land; the latter a suit for specific performance; in the first of which cases it was held that the action could be maintained in a state, and in the second a county, other than that of the situs of the land. See also Bucki v. Cone, 25 Fla. 1, 6 So. R. 160; Stone v. U. S., 167 U. S. 178, 42 L. Ed. 127; Ophir Silver Mine Co. v. Superior Court, 82 Pac. R. 70, 3 A. & E. Ann. Cas. 340; Ft. Wayne Trust Co. v. Shiler, 72 N. E. R. 494; Towne v. Goldberg, 28 N. W. R. 254.

Where, however, as here, a single cause of action is presented, in which a present and continuing trespass upon real estate is the sole basis of the suit and a determination of ownership is actually or potentially involved as a major issue, and the gravamen of the action is injury to the freehold and to crops affixed to and growing upon the land, and the principal relief sought is to restrain the continuing acts of trespass which occasion that damage, the rule is otherwise. Such an action is necessarily local in its nature, and must be maintained in the county where the land lies, in the absence of a competent and applicable statutory provision to the contrary. Although the acts of trespass complained of are in the nature of personal acts, the court looks to the underlying major question involved in the case to determine whether the action is local or transitory in its nature.

The controlling grounds for determining whether an action of this general nature is transitory or local are well defined in Columbia Sand Dredging Co. v. Morton, 28 App. Cas. (D. C.) 288, 7 L. R. A. (N. S.) 114, in distinguishing and commenting upon two cases which aptly and clearly illustrate the two propositions, namely, Ellenwood v. Marietta Chair Co., 158 U. S. 105, 39 L. Ed. 913, holding

the action therein involved to be local, and Stone v. U. S., 167 U. S. 178, 42 L. Ed. 127, holding the action therein involved to be transitory.

In Columbia Sand Dredging Co. v. Morton, *supra,* it said: "It follows therefore that an action for trespass upon the land, involving necessarily and chiefly the question of its title, is local, and could only be brought in the jurisdiction wherein the land is situated; on the other hand, an action to recover the value of sand and gravel severed from the land and removed therefrom, though incidentally made to involve the question of title, could be maintained in the District of Columbia against parties found therein and personally served with process."

The case just mentioned discusses the contention here made by appellee, complainant below, that since equity acts in *personam* and not in *rem,* a suit to restrain a continuing trespass may be maintained in the state, or county, where the defendant resides, that question being disposed of adversely to the contention of appellee just stated.

Commenting upon the latter question, the court said: "From a very early period courts of equity, having jurisdiction of the person of a party, have exercised the power to compel him to perform a contract, execute a trust, or undo the effects of a fraud, notwithstanding it may relate to, or incidentally affect, the title to land in another jurisdiction. The doctrine is thoroughly well established within this limitation, that the principal question involved must be one of contract, trust, or fraud, raising up a duty which a person within the power of the court may be compelled to perform, although the act when performed may operate to affect, and even to pass, the title to land outside the territorial jurisdiction of the Court." After discussing many leading cases, both English and American, which turned upon the question of whether or not the action was

local or transitory, that court concluded with reference to the case there under consideration, which involved primarily a continuing trespass to real estate, that since the essential question was whether or not complainant owned the land in question, and since the effect of the decree would be to establish complainant's title by perpetual injunction against the acts of trespass complained of, that the action was local and must be brought in the State where the land was situate.

While the question of title, due to the peculiarity of the title under which that complainant held, may have been somewhat prominent in the Columbia Sand Dredging Co. case, *supra,* than in the case now before us, still in this case the question of title is, at least potentially, more than an incidental factor. Complainant's right to relief rests primarily upon his ownership of the land, and if complainant's title is denied it will be necessary to determine the question of title before proceeding further. If it should be the defense herein that complainant does not own the land in question, or that the defendant and not complainant owns it, or that defendants entered upon the land as of right, then, if the issues so made are of equitable cognizance, the question of title must first be determined to the extent and for the purpose for which equity will act in such matters in order to settle the equities, the effect of which decree would be to establish complainant's title as against the defendants for the purpose of this controversy. See the note to Sanders v. Brown, (242 S. W. R. 66) 32 A. L. R. 461, 502. In that event the Circuit Court of Polk County would be in the anomalous and unjustifiable position of decreeing upon the title to lands in Hillsborough County as a major issue in the suit. Moreover, although the acts sought to be restrained are in the nature of personal acts, the nature of the act is incidental and sub-

ordinate to the major purpose of the suit and the thing chiefly sought, which is to prevent continuing injury to the freehold and to the substance of complainant's estate, as well as to crops affixed to and growing upon the land.

No question is here involved which rests upon complainant's failure to perform some personal contract enforceable in equity, or upon the enforcement of an equitable duty, as for instance the execution of a trust, or the undoing of a fraud, or the like. Complainant does not seek to recover the value of property severed from the land, nor does he seek to enforce a transitory and personal contract or duty with respect thereto involving only personal or transitory liability. See Proctor v. Proctor, 69 L. R. A. 673. Nor is it a case in which complainant seeks to enjoin an injury to lands within the jurisdistion of the court resulting from acts committed beyond the jurisdiction. See The Salton Sea cases, 172 Fed. R. 792.

The primary purpose of the suit is to prevent continuing injury to the freehold and to the substance of complainant's estate, as well as to growing crops. The acts complained of amount to a tort for which an action *quere clausum fregit* would lie at law. The latter action is unquestionably local. See McMillan v. Lacy, 6 Fla. 526; Pittsburg Etc. Co. v. Jackson, 93 N. E. R. 261; 21. Ann. Cas. 1313. The acts of trespass · complained of are alleged to have been committed in another jurisdiction upon lands located in such other jurisdiction. The principal relief sought in this case necessarily hinges upon the land and its ownership, and carries with it an inherent element of place or locality, and therefore is not, strictly speaking, an action based solely upon a *jus in personam.* While the injunctive decree sought by complainant would be in the nature of a decree *in personam,* it could be rendered only after a determinaton and adjudication, as a predicate

898

for the decree, of the title to lands in another jurisdiction.

A decree purely *in personam* would not be effective under the facts of this case because the land lies beyond the jurisdiction of the court and the actual commission of an enjoined trespass would likewise lie beyond the reach of its process for contempt. The Circuit Court of Polk County would therefore be unable to make its injunction effective. Under the circumstances stated, the action is local, and the principle announced in Columbia Sand Dredging Co. v. Morton is controlling. See also Ophir Silver Mining Co. v. Superior Court, 82 Pac. R. 70; 3 A. & E. Ann. Cas. 340; Board of Drg. Comr. of Bolivar County v. Board of Drg. Comrs. of Washington County, (Miss.), 95 So. R. 75; 28 A. L. R. 1250; American U. Teleg. Co. v. Middleton, 80 N. Y. 408; Towne v. Goldberg, 28 N. W. R. 254; 80 N. Y. 408; 14 R. C. L. 455 (155); 27 R. C. L. page 789, et seq.; 32 C. J. 292; 40 Cyc. pages 18, 70, et seq.

The order appealed from is reversed with directions to enter an order sustaining the demurrer.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.