LARGO LAND COMPANY, a Corporation, *Appellant*, v. G. B. SKIPPER, *Appellee*.

Division A.

Opinion filed October 2, 1929.

*Semple & Hirschman,* for Appellant;

*Willard & Knight,* for Appellee.

ELLIS, J.—The Largo Land Company, a Florida corporation, exhibited its bill in the Circuit Court for Dade County against G. B. Skipper to remove a cloud upon the title to certain described lands located in Monroe county. The cloud of which the complainant complained consisted of a contract dated in May, 1924, between L. B. Boyd, the owner of the land at that time, and his wife of one part, and G. B. Skipper of the other part. Under the terms of the contract the Boyds agreed to convey the lands to Skipper, who paid $7,500 to the Boyds when the contract was executed and agreed to pay $5,000 fifteen days afterwards, $22,500 on the delivery of a merchantable title to the property and the balance amounting to some $315,000 to be evidenced by a note payable on or before twenty years after date and secured by a first mortgage upon the lands. In

September of the same year the complainant acquired the lands from the Boyds by deed of conveyance, which has been duly recorded.

The bill alleges that the contract "without right, was filed by the defendant in the office of the Clerk of the Circuit Court in and for Monroe County, Florida, and the same constitutes a cloud on the title, which the complainant prays to be removed."

A demurrer to the bill was sustained upon the ground that the Circuit Court for Dade County had no jurisdiction as the land was located in Monroe county. The complainant then moved the court to vacate the order and allow an amendment to the bill to show that the contract was made in Dade county. That motion was denied and the complainant appealed from both orders.

It appears from the copy of the contract, which is attached to the bill and made a part of it, that it was not entitled under the law to record. See Sec. 3823, Rev. Gen. Stats. 1920. Chapter 11813, Acts 1927 (Sec. 5719, Comp. Gen. Laws 1927) supplements Section 3823, Rev. Gen. Stats. 1920 and specifically mentions contracts, agreements and other instruments purporting to contain an agreement to purchase or sell real estate.

A suit to remove a cloud upon the title to land is in the nature of a proceeding *in rem,* or as was said in McDaniel v. McElvy, 91 Fla. 770, 108 So. R. 820, *quasi in rem,* and should be brought in the county where the land lies. See Lakeland Ideal Farm & Drainage Dist. v. Mitchell, 97 Fla. 890, 122 So. R. 516; 17 Ency. Pleading and Practice 294.

The allegations of the bill being true it follows that if the defendant Skipper, who admitted such allegations by his demurrer, undertook to claim under the contract he must necessarily show the invalidity of his claim because the complainant having performed all the requirements of the

agreement as the successor in title of the vendor that the latter was required to perform, and the defendant had had a reasonable time within which to perform the agreement on his part but had refused to do so, his claim under the agreement would be a nullity. See Sloan v. Sloan, 25 Fla. 53, 5 So. R. 603; Reyes v. Middleton, 36 Fla. 99, 17 So. R. 937, 29 L. R. A. 66.

The bill cannot be construed as one for the rescission of a contract because the allegations are insufficient to sustain that relief; nor as a bill *quia timet* because there is no allegation that the defendant asserted any claim to the property under the contract or that he threatens to institute any proceeding to obtain it. See 21 Stand. Ency. of Proc. 991.

The order appealed from is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.