GEORGIA CASUALTY COMPANY, *Appellant,* v. W. D. O'DONNELL, et al., *Appellees.*

147 So. 267.
Opinion filed March 24, 1933.

*C. C. Youmans,* for Appellants;

No appearance for Appellees.

WHITEHURST, Circuit Judge.—The sole question presented by the record in this case is whether the Circuit Court of Dade County, Florida, had jurisdiction to entertain a suit for the foreclosure of a mortgage on lands lying wholly within Liberty County, Florida. The lower court decided the question in the negative and the present appeal is from that order. It is the contention of appellant that the suit may be brought either in the county where the defendants reside or in the county where the property in litigation is.

Section 4219, Compiled General Laws of Florida, 1927 (2579 R. G. S.) is as follows:

"Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendants reside, or where the cause of action accrued, or where the property in litigation is. . If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against non-residents. (Nov. 21, 1829, Sec. 7 and Ch. 3721, Acts of 1887, Sec. 1.)"

Section 4889 of Compiled General Laws of Florida, 1927 (3105 R. G. S.) is as follows:

"All provisions of law governing locality of actions at law shall, when they can be made applicable, govern those in chancery."

This Court is committed to the doctrine that the venue statute allowing suits to be brought in the county where the defendants reside does not confer extra territorial jurisdiction on the courts or alter the local action rule. The authority of the statute to bring suit in the county of defendant's residence necessarily presupposes that the court have jurisdiction of the subject matter of the action, as well as of the parties. See Lakeland Ideal Farms and Drainage District v. Mitchell, 97 Fla. 890, 122 So., 516.

The Circuit Court in this State, under our Constitution and laws, cannot by its officers take possession of property beyond its territorial limits. State v. J. P. & M. R. R. Co., 15 Fla. 201, Text 285.

A proceeding *in rem* or in the nature of a proceeding *in rem* should be brought in the county where the land lies. Largo Land Co. v. Skipper, 98 Fla. 541, 123 So., 915.

A suit to foreclose a mortgage is to a certain extent and for certain purposes a proceeding *in rem* since it is primarily directed against the mortgaged property, but it is more accurately termed *"quasi in rem."* See 42 C. J. Sec. 1504.

The rule is stated that in those states where the mortgage is considered a mere lien and the legal title remains in the mortgagor, the decree operates to deprive the mortgagor of that estate, and therefore the action would be regarded as local. If a sale of the property is asked for, as this operates in rem, jurisdiction is restricted to the local court of the county in which the land lies. Jones on Mortgages (7th Edition), Sec. 1444.

At common law a mortgagee took legal title to the mortgaged property and foreclosure was to terminate the mortgagor's right to redeem. In this state a mortgage is a mere lien and does not vest title in the mortgagee. Under the

statute the mortgagee has only a lien and foreclosure is for the purpose of enforcing it. Connor v. Connor, 59 Fla. 467, 52 So., 727. Strict foreclosure in this State is not permitted, but the equitable remedy of the mortgagee is a sale of the property to pay his debt. Brown v. Brown, 17 Fla. 607.

The method of foreclosure in this State is to have the mortgaged property sold under an order of the Court and the proceeds applied in payment of the mortgage debt. The primary purpose of the suit is to subject the mortgaged property to the payment of the debt. The action is *quasi in rem* and local. The fact that other relief such as the entry of a judgment for deficiency may be granted does not change the rule. The suit must be brought in the county where the land lies. If the mortgaged land lies in more than one county, the statute provides that the suit may be brought in any county in which a part of the mortgaged property is situated. See Sec. 5749 of Compiled General Laws of Florida, 1927, Sec. 3486 R. G. S.

There was no error in sustaining the demurrer and dismissing the bill.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.