313 So.2d 453 (1975)
HENDRY CORPORATION, a Florida Corporation, Appellant,
v.
STATE of Florida BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, a Component State Agency, and Manatee County Port Authority, Appellees.
No. 74-1039.
District Court of Appeal of Florida, Second District.
May 28, 1975.
Rehearing Denied June 24, 1975.
Dewey A. Dye, Jr., and David K. Deitrich of Dye, Cleary, Scott & Deitrich, Bradenton, for appellant.
Ross A. McVoy, Gen. Counsel, and William P. White, Jr., Tallahassee, for appellee, State of Fla. Bd. of Trustees of the Internal Improvement Fund.
Warren M. Goodrich of Goodrich & Hampton, Bradenton, for appellee, Manatee County Port Authority.
SCHEB, Judge.
By interlocutory appeal the appellant/defendant challenges an order denying its motion for change of venue.
The appellee/plaintiff (Trustees) brought suit in Hillsborough County against the appellant whose principal place of business is in that county. Appellee sought damages and injunctive relief for trespass to land in connection with appellant's dredge and fill activities in Manatee County performed by appellant pursuant to a contract with the Manatee County Port *454 Authority. The appellant's motion for a change of venue was denied, the trial court noting:
"... the abandonment by plaintiff of any claim for injunctive relief in this cause and its representation through counsel that it will not assert title to land under any creek or tidewater area in Section 12, Township 33 South, Range 17 East, Manatee County, Florida, but instead will try the suit on the basis of a transitory action for damages, including damages to any public rights in the creeks and tidewater areas regardless of ownership."
Thereafter appellee filed its second amended complaint and in Count I alleges that appellant has filled 23.4 acres of sovereignty lands in Manatee County; appellee seeks damages for alleged destruction of the public's rights of navigation and fishing. See Fla. Stat. § 253.124. By its answer and counterclaim appellant contends said lands are swamp and overflowed lands, not sovereign in character, and seeks to quiet title to said lands. The appellee denies such allegations and claims said lands to be navigable and therefore sovereign in character. At this stage appellant filed another motion for change of venue, contending that appellee, by its allegations in Count I and its response to appellant's counterclaim, has again injected the issue of title in the case. Moreover, appellant argues that numerous witnesses from Manatee County, many of whom are local government officials, will be called to testify in the controversy and that to conduct the proceedings in Hillsborough County will be manifestly inconvenient to these witnesses and also to the court and the jury, since undoubtedly a view of the property will be involved. In opposition, the appellee contends that appellant's counterclaim is permissive only and by asserting it the appellant has acknowledged that the proper venue is Hillsborough County. Further, appellee argues that a change of venue at this stage would only result in delay, since the court in Hillsborough County has become knowledgeable of the facts and issues involved in this complex case.
Since the appellee has alleged the lands in question to be sovereignty in character, there is an issue of navigability and potentially an issue of ownership, therefore, the venue of this action is determined by the "local action rule." Accordingly, we reverse.
In Lakeland Ideal Farm and Drainage District v. Mitchell, Fla. 1929, 97 Fla. 890, 122 So. 516, Mitchell brought suit in Polk County, alleging his lands in Hillsborough County had been damaged by the District. The District demurred, contending the action was a local one, triable only in Hillsborough County where the lands were located. The trial court overruled the demurrer. On appeal, the Supreme Court reversed, stating that where a determination of ownership is actually or potentially involved as a major issue, such an action is necessarily local in its nature, and must be maintained in the county where the land lies. Under the local action rule, a proceeding in rem or in the nature of a proceeding in rem should be brought in the county where the land lies. Sales v. Berzin, Fla.App.4th 1968, 212 So.2d 23. Thus the proper venue for a suit to quiet title is in the county where the land lies. Largo Land Co. v. Skipper, 1929, 98 Fla. 541, 123 So. 915. Although appellee contends the question of title is not in issue, both the appellant and appellee agree that the court must determine the question of navigability of waters in Manatee County. This being true and considering the basic consideration of convenience to all concerned,[1] it is difficult to perceive a more local type of action than determination of the character of lands in a particular county.
*455 We reject the appellee's contention that the common law local action rule is overridden by Fla. Stat. § 47.071[2] which confers jurisdiction in the Hillsborough County Circuit Court, concurrent with the court in Manatee County, from shore to shore of Tampa Bay. The applicability vel non of the statute depends on one of the facts in issue, viz., whether the appellant's lands in Manatee County are within the confines of a body of navigable water. Moreover, the local action rule is itself a limitation on the statutory rule as to venue. St. Petersburg v. Earle, Fla.App.2d 1959, 109 So.2d 388.
All indications point to Manatee County as the appropriate venue. Accordingly, the trial court's judgment is reversed and this cause shall be transferred to Circuit Court in Manatee County for further proceedings.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] Cf. Fla. Stat. § 47.122 which provides:

"For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
[2] "When the territorial jurisdiction of a court extends to one bank of any navigable water, such court has jurisdiction across such navigable water from shore to shore. If the territorial jurisdiction of different courts, whether of the same county or not, extends to the opposite bank of any navigable water, such courts have concurrent jurisdiction across said navigable water from shore to shore."