SMITH, Judge,
dissenting:
The court affirms a venue order of the Circuit Court of Leon County, transferring this cause to the Circuit Court of Pinellas County on the ground that the action is local in nature because it affects title to Pinellas County land. I conceive that venue was properly laid in Leon County, where certain of the named defendants reside, and that the hoary “local action” rule does not in this case overcome plaintiff’s statutory choice of venue. I therefore respectfully dissent.
All defendants except Irving Green and Leonard Bursten, residents of Dade County, and the state officials, residents in Leon, are nonresidents of Florida. The complaint alleges that defendants Hyman and Irving Green conspired to and did defraud plaintiff of his beneficial interest in the stock of a Florida corporation, now dissolved, called Honeymoon Isle Development Corp.; that plaintiff had a beneficial interest, memorialized by a trust agreement exhibited, in defendant Bursten’s shares of the corporate stock; that the defendants Hyman and Irving Green persuaded Bursten to surrender his stock certificate and thereby possessed all of the outstanding stock; that Hyman Green then caused corporate assets, consisting of Pinellas County land, to be transferred to National Development Corporation, and then caused its transfer to Hyman Green individually, and caused the dissolution of Honeymoon Isle Development Corp.; that Hyman Green then assured plaintiff that the state had agreed to purchase the Pinellas County land, and that plaintiff would receive his pro-rata share of the proceeds of sale; that Hyman Green then ef *1033 fected a sale of the land to the defendants state officials, and fraudulently represented that his was the only valid interest in the land; and that Hyman Green, though he has received more than $16,000,000 of the purchase price, refuses to pay over plaintiff’s asserted share, and refuses also to convey the plaintiff a proportionate part of the land yet to be transferred. Plaintiff prays for a declaration of his equitable ownership in “Honeymoon Isle Development Corp.” and for an accounting of its assets and their disposition; for a constructive trust imposed on all assets fraudulently transferred by Hyman Green to himself, including monies paid by the state of Florida. Appellant Davidson filed this three-count complaint in the Circuit Court of Leon County, predicating his choice of venue on the residence there of the defendant state officials, whose joinder as parties defendant was not contested in the trial court or here.
Since 1829 the legislature has granted plaintiffs a choice, when suing resident defendants, between the forum “where the defendant resides,” or “where the cause of action accrued,” or “where the property in litigation is.” Act of November 21, 1829, Section 7; as amended, Section 47.011, Florida Statutes (1977).[1] Notwithstanding the phraseology of the venue statute, seemingly abrogating the common law rule that “all actions were local in character” and “could be brought only in the county where the cause of action arose,” [2] courts mindful of common law restrictions and of early-day territorial limitations on process continue to distinguish between actions in rem and those in personam and between actions transitory and “local”. That distinction maintains some vitality today. E. g., Hendry Corp. v. State Board of Trustees of the Internal Improvement Trust Fund, 313 So.2d 453 (Fla. 2d DCA 1975); see also Carroll v. Carroll, 322 So.2d 53, 54 (Fla. 1st DCA 1975). The commonly accepted distinction was as stated by the Supreme Court in 1932 as follows:
“An action was transitory where the transaction on which it was founded might have taken place anywhere and was considered local where the transaction could only have happened or been consummated in the place where it was made. [Board of Pub. Instruction, supra, 111 Fla. at 12, 143 So. at 741.][3]
The local action rule was predicated on the forum court’s power to act in respect to the subject matter in litigation, buttressed by considerations of convenience. Thus in 1855, the Supreme Court said, in deciding an action of trespass on lands which debat-ably lay either in Georgia or Florida,
For this action is strictly local in its character, and may not be brought out of the jurisdiction in which the alleged injury was committed. [McMillan v. Lacy, 6 Fla. 526, 530 (1855).]
The doctrinal necessity for the local action rule was stated in a later case contesting the power of a circuit judge to appoint a receiver of real property outside the circuit. State Board of Trustees of the Internal Improvement Fund v. Jacksonville, Pensacola and Mobile R. R. Co., 15 Fla. 201, 284 (1875):
This is a question of great importance, and in view of the conflict of jurisdiction between the second and fourth judicial *1034 circuit in this case, it should be settled. Under the constitution, this State is divided into seven judicial districts, and “the Circuit Courts in the several judicial circuits” are invested with general original jurisdiction in law and equity. There is no legislation which authorizes the appointment of a receiver of property which is property which is beyond the territorial limits of the circuits. Under these circumstances we can reach no other conclusion than that no such appointment can be made effectively; and that the Circuit Court, in all of its orders in this case, appointing a receiver of property beyond its limits, went beyond its authority. . . . It is a general principle of the common law that no writ or process can run or be executed beyond the territorial jurisdiction of the court out of which it issues; and independent of legislation, there can be no doubt that the Circuit Court of one circuit cannot through ist [sic] receiver take possession of property in another circuit.
Although the legislature in 1895 made summons, subpoenas and other process in civil actions “run throughout the state,”[4] the power of courts to effectuate their process remained a continuing concern. In Lakeland Ideal Farm & Drainage Dist. v. Mitchell, 97 Fla. 890, 894, 122 So. 516, 518 (1929), the court sustained a demurrer to a bill of complaint praying in the Circuit Court of Polk County for damages and an injunction against continuing trespass allegedly committed on lands of the complainant in Hillsborough. The court stated:
Where ... as here, a single cause of action is presented, in which a present and continuing trespass upon real estate is the sole basis of the suit and a determination of ownership is actually or potentially involved as a major issue, and the gravamen of the action is injury to the freehold and to crops affixed to and growing upon the land, and the principal relief sought is to restrain the continuing acts of trespass which occasion that damage, the rule is otherwise. Such an action is necessarily local in its nature, and must be maintained in the county where the land lies, in the absence of a competent and applicable statutory provision to the contrary. Although the acts of trespass complained of are in the nature of personal acts, the court looks to the underlying major question involved in the case to determine whether the action is local or transitory in its nature.
The court in Lakeland recognized that the injunction sought would be in the nature of a decree in personam, but held that “it could be rendered only after a determination and adjudication, as a predicate for the decree of the title to lands in another jurisdiction.” 97 Fla. at 897-98, 122 So. at 519. Then the court expressed doubt over the chancellor’s power to enforce any in person-am injunction against the trespass:
A decree purely in personam would not be effective under the facts of this case, because the land lies beyond the jurisdiction of the court and the actual commission of an enjoined trespass would likewise lie beyond the reach of its process for contempt: The circuit court of Polk county would therefore be unable to make its injunction effective. [97 Fla. at 898, 122 So. at 519.]
It would seem that the 1895 legislation empowering process to “run throughout the state,” and other legislation permitting writs of attachment to be issued in one county against real property in another,[5] and the common realization that in marriage dissolution proceedings the chancellor has power to enter in personam orders affecting distant property,[6] would by now have removed the historical antecedents of *1035 the “local action” rule, and would apply that rule only in cases, such as mortgage foreclosures, in which there is no significant issue to be decided except the enforcement of rights directly upon land. See Largo Land Co. v. Skipper, 98 Fla. 541, 123 So. 915 (1929).[7] See also Georgia Cas. Co. v. O’Donnell, 109 Fla. 290, 292, 147 So. 267, 268 (1933).[8]
There is in this case no appearance of inconvenience to the parties or witnesses in plaintiff Davidson’s choice of Leon County, rather than Pinellas County, as the forum for his action. The trial court’s order was not for a change of venue “[f]or the convenience of the parties or witnesses or in the interest of justice . . .” Section 47.-122, Florida Statutes (1977); rather, the order was predicated directly upon defendants’ assertion that venue could not properly be laid in Leon, where certain of the defendants reside, but only in Pinellas, where lies the land allegedly diverted by other defendants. The issue before the circuit court and here is therefore precisely the same as though plaintiff had chosen to sue the defendants in Dade County, where defendants Irving Green and Leonard Bur-sten reside. To the extent that considerations of convenience may underlie the local action rule,[9] no strong conveniences in the disposition of this action are more readily available in Pinellas than in Leon.
I conceive that this is no case for expanding the local action rule; that here there is no lack of power in the Leon County Circuit Court to effectuate any judgment for damages or to impose a constructive thrust upon the legal title of land held by the defendant Hyman Green; that the legal title to the Pinellas County land is not to be determined; that no relief is requested directly against the land, as distinguished from its titleholder; and that the action should be held wholly transitory and maintainable where any resident defendant resides. In short, I believe this is a case for application of the rules stated but found not applicable in Lakeland Ideal, 97 Fla. at 890, 895, 122 So. 516, 518, in which the Supreme Court quoted approvingly from another decision, saying:
From a very early period, courts of equity having jurisdiction of the person of a party have exercised the power to compel him to perform a contract, execute a trust, or undo the effects of a fraud, notwithstanding it may relate to or incidentally affect the title to land in another jurisdiction. The doctrine is thoroughly well established within this limitation, that the principle question involved must be one of contract, trust, or fraud, raising up a duty which a person within the power of the court may be compelled to perform, although the act when performed may operate to affect, *1036 and even to pass, the title to land outside the territorial jurisdiction of the Court.
The Court in deciding Lakeland Ideal drew a distinction between local and transitory actions which I think governs this case:
If it should be the defense herein that complainant does not own the land in question, or that the defendant and not complainant owns it, or that defendants entered upon the land as of right, then, . the question of title must first be determined . . . . In that event the circuit court of Polk county would be in the anomalous and unjustifiable position of decreeing upon the title to lands in Hillsborough county as a major issue in the suit. Moreover, although the acts sought to be restrained are in the nature of personal acts, the nature of the act is incidental and subordinate to the major purpose of the suit and the thing chiefly sought, which is to prevent continuing injury to the freehold and to the substance of complainant’s estate, as well as to crops affixed to and growing upon the land. 97 Fla. at 896-97, 122 So. at 519.
In that case, “the question of title [was], at least potentially, more than an incidental factor. Complainant’s right to relief rest[ed] primarily upon his ownership of the land, . . . .” 97 Fla. at 896, 122 So. at 519. Moreover, the plaintiff in Lakeland Ideal “[did] not seek ... to enforce a transitory and personal contract or duty with respect thereto involving only personal or transitory liability.” 97 Fla. at 897, 122 So. at 519 (Emphasis added). In the case before us, however, plaintiff Davidson does seek such a remedy, for the gravamen of his suit is for a constructive trust to undo a fraud. It is only an incidental aspect of Davidson’s suit that the object of the trust, the assets of the now-dissolved Honeymoon Isle Development Corp., may be a parcel of land. Thus, although the remedy sought may result in ultimate recognition of a beneficial interest in land, the essence of this litigation is a question of fraud. This suit sought to vindicate a shareholder’s asserted rights as against corporate manipulation which “might have occurred anywhere.” Board of Public Instruction, supra, 111 Fla. at 12, 143 So. at 741. Had the alleged fraud been intercepted in process, before the corporation alienated its assets and was itself dissolved, the venue of an action to prevent the fraud would not be a “local action” simply because the asset to be preserved was Pinellas County land. I find it impossible to conceive that, because the alleged fraud progressed further, the suit has been transformed to one against the land.
In summary, a determination of ownership of real property is not the major issue in this case, but at most only a subsidiary one. Thus the common-law local action rule should have no application here. Rather, the action should be allowed to remain where the complaint was filed and where the defendant state officials reside. Section 47.011, Florida Statutes (1977).

. Section 47.011, Florida Statutes (1977), provides:
“Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.”

. Board of Public Instruction v. First Nat’l Bank of Gainesville, 111 Fla. 4, 12, 143 So. 738, 741 (1932). Kooman, Florida Chancery Pleading and Practice, § 29, p. 53. The ancient origins of the local action rule, and its tendency to persist even when the rationale for its existence might lack vitality, is discussed in 67 Corpus Juris § 8 et seq. at p. 13-14: “Long after the [jurors] were regularly summoned to hear the testimony of witnesses in court, [as opposed to serving as a body of witnesses or recognitors] our legal theory clung to the idea that jurors must come from the immediate neighborhood of the fact in issue.”

.The same rule is set forth in Crandall, A Treatise on the Practice in Actions at Law, § 15(b), p. 23 citing Livingston v. Jefferson, 1 Brock. 203, Fed.Cas.No. 8411.

.Chapter 4397, Section 1, Florida Laws (1895), as amended, Section 48.011, Florida Statutes (1977):
Summons, subpoenas and other process in civil actions run throughout the state. All process except subpoenas shall be directed to all and singular the sheriffs of the state.

. Chapter 3721, Section 2, Florida Laws (1887), as amended, Section 76.16, Florida Statutes (1978).

. See Carroll v. Carroll, supra, 322 So.2d at 54, note 1, and cases cited.

. The court there held:
A suit to remove a cloud upon the title to the land is in the nature of a proceeding in rem, or . quasi in rem, and should be brought in the county where the land lies.

. The court held in Georgia Cas. Co.:
The circuit court in this state, under our Constitution and laws, cannot by its officers take possession of property beyond its territorial limits.
A proceeding in rem or in the nature of a proceeding in rem should be brought in the county where the land lies.
A suit to foreclose a mortgage is to a certain extent and for certain purposes a proceeding in rem, since it is primarily directed against the mortgaged property, but it is more accurately termed “quasi in rem.” (Citations omitted.)

. See Hendry Corp. v. State Bd. of Trustees of the Internal Improvement Trust Fund, supra, 313 So.2d at 453. There the trial court denied defendant’s motion for a change of venue directed to plaintiffs original complaint, seeking in Hillsborough County damages and injunctive relief for trespass on land in Manatee County. Denying the motion for change of venue as of right, the trial court characterized the suit as “a transitory action for damages.” Plaintiff then filed an amended complaint alleging that his Manatee lands “are swamp and overflowed lands, not sovereign in character,” and seeking “to quiet title to said lands” as against defendant’s claims that the lands were “navigable and therefore sovereign in character.” 313 So.2d at 454. This change in plaintiffs suit was held by the District Court of Appeal, Second District, to bring the case under the control of the local action rule because of the issue of ownership and the convenience of “numerous witnesses” from Manatee County and the necessity for “a view of the property.” 313 So.2d at 454.