455 So.2d 412 (1984)
The BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND OF the State of Florida, Appellant,
v.
MOBIL OIL CORPORATION, Appellee.
No. 82-2050.
District Court of Appeal of Florida, Second District.
July 13, 1984.
Rehearing Granted September 4, 1984.
*413 Robert J. Beckham and James R. Hubbard of Beckham & McAliley, P.A., Jacksonville, and William C. Crenshaw of Valdes-Fauli, Richardson & Cobb, P.A., Miami, for appellant.
Chesterfield Smith, Julian Clarkson, and Hume F. Coleman of Holland & Knight, Tallahassee, for appellee.
Betty Steffens, General Counsel, for Governor Bob Graham, and J. Kendrick Tucker, Deputy Atty. Gen. for Atty. Gen. Jim Smith, Tallahassee, as amici curiae.
HOBSON, Acting Chief Judge.
The Board of Trustees of the Internal Improvement Trust Fund of the State of Florida ("Trustees"), codefendant below in a quiet title action, appeals a final summary judgment order rendered in favor of Mobil Oil Corporation ("Mobil"), plaintiff below. We affirm.
In April 1982, Mobil, a New York corporation engaged in the mining and processing of phosphate rock in Polk County, Florida, initiated an in rem action in the Circuit Court of the Tenth Judicial Circuit in and for Polk County against the Trustees and Coastal Petroleum Company ("Coastal"), a Florida corporation involved in ventures in Polk County similar to those of Mobil. Mobil's complaint sought to quiet title to certain submerged lands coursed by the Peace River between Bartow and Fort Meade in Polk County. The Trustees, who are the trustees of state owned lands, submitted a motion to dismiss Mobil's complaint, or, in the alternative, to stay the proceedings. Their motion in the alternative alleged that an action involving the same parties and the same title issues was pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, and that, as a result, the Leon County Circuit Court had either exclusive jurisdiction to try the title issues presented, in which case a dismissal was appropriate, or exclusive venue, in which case a stay was appropriate.
The Leon County Circuit Court case referred to in the Trustees' motion in the alternative originated several years before the Polk County Circuit Court in rem action. In September 1976, Mobil instituted a contract action against Coastal asserting that Coastal had violated a sublease issued to Mobil for oil and gas exploration upon lands located beneath the Peace River in Polk County. Coastal then filed a counterclaim alleging that Mobil had converted phosphate ore and other minerals from these leased, submerged lands, which Coastal contended were owned by the state. Coastal joined as a necessary party to this counterclaim the Trustees. Mobil subsequently filed a reply counterclaim against Coastal and the Trustees seeking a declaratory judgment to remove a cloud on the title to a parcel of submerged land similarly situated to the submerged lands at issue in the conversion claim.[1]
*414 Although the parcel of real estate which is the subject of Mobil's reply counterclaim in the still pending Leon County Circuit Court proceeding is not included within the submerged lands at issue in the Polk County Circuit Court quiet title action, it is similarly situated to the submerged lands at issue in the Polk County Circuit Court case. Moreover, the title issues raised in both the reply counterclaim and the quiet title action are identical.
Mobil responded to the Trustees' motion in the alternative by contending that the Polk County Circuit Court was the only court which could grant Mobil the complete relief it was seeking, i.e., a binding in rem decree quieting the title to the submerged lands, because, in its view, the Polk County Circuit Court was the only court which had in rem jurisdiction to try the issue of title to the Polk County real property described in Mobil's complaint.
The Polk County Circuit Court subsequently rendered an order denying the Trustees' motion in the alternative. The same court thereafter issued a final summary judgment order in Mobil's favor which the Trustees now appeal.
Because the title issues presented by Mobil's reply counterclaim in the Leon County Circuit Court case are the same as those involved in the Polk County Circuit Court action, and because service of process was first perfected in the Leon County Circuit Court case, the Trustees basically argue on appeal from the procedural angle that the Polk County Circuit Court erred by denying their motion in the alternative. In support of their stand they cite Mabie v. Garden Street Management Corp., 397 So.2d 920 (Fla. 1981), for the proposition that when separate actions addressing identical issues are pending between the same parties in courts of concurrent jurisdiction, exclusive jurisdiction to try those issues lies with the court in which service of process was first effectuated.[2] Mobil answers that Mabie's "rule of priority" is inapplicable here. It explains away Mabie by pointing out that, unlike the situation at bar, the separate actions in Mabie were "transitory" in nature, as opposed to "local" in nature. Relying on Lakeland Ideal Farm & Drainage District v. Mitchell, 97 Fla. 890, 122 So. 516, 518-19 (1929), it maintains that the common law "local action rule" requires that its suit to quiet title to the submerged lands in issue could be brought only in Polk County, the county where the lands in question are located. It thus concludes that the Polk County Circuit Court did not err in denying the Trustees' motion in the alternative.
The Trustees construe the rule of priority's concept of "concurrent jurisdiction" to mean that in suits serving "substantially the same purpose," which they say is the situation regarding Mobil's reply counterclaim in the Leon County Circuit Court proceeding and Mobil's quiet title action in the Polk County Circuit Court case, the courts involved need not have concurrent jurisdiction over the subject matter, but need merely have concurrent jurisdiction to determine the issues. Since the Leon County Circuit Court has jurisdiction over the type of case represented by Mobil's reply counterclaim, they conclude that the Leon County Circuit Court should have been allowed to decide the title issues to the exclusion of the Polk County Circuit Court.
The Trustees' interpretation of the rule of priority's concept of concurrent jurisdiction suffers from two interrelated flaws, the second of which very probably caused the first: first, it ignores that the rule does not even come into play unless the court which initially tries to exercise jurisdiction at least has subject matter jurisdiction; second, it fails to recognize that in an in rem action there are two prongs to the definition of subject matter jurisdiction.
The ultimate purpose behind the rule of priority is comity; to prevent collision and conflict in the execution of judgments by *415 independent courts of coordinate power. If the court which first attempts to exercise jurisdiction does not have subject matter jurisdiction, it cannot be said to have concurrent jurisdiction with a court which does have subject matter jurisdiction. In such a situation, there is simply no need to invoke the rule, and, as a result, the court which does have subject matter jurisdiction is free to exercise jurisdiction and to subsequently enter a final judgment.
In Mabie, as well as in the various other cases cited by the Trustees where the rule of priority was employed, Benedict v. Foster, 300 So.2d 8, 10 (Fla. 1974), Taylor v. Cooper, 60 So.2d 534, 535-36 (Fla. 1952), Ullendorff v. Brown 156 Fla. 655, 24 So.2d 37, 39-40 (1945), Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943), DiProspero v. Shelby Mutual Insurance Co., 400 So.2d 177, 179 (Fla. 4th DCA 1981), Royal Globe Insurance Co. v. Gehl, 358 So.2d 228, 229 (Fla. 3d DCA 1978), Hogan v. Millican, 209 So.2d 716, 718 (Fla. 1st DCA 1968), and Crosley Corp. v. Hazeltine Corp., 122 F.2d 925 (3d Cir.1941), the court which first attempted to exercise jurisdiction had subject matter jurisdiction. See also Hunt v. Ganaway, 180 So.2d 495 (Fla. 1st DCA 1965), disapproved on other grounds, Mabie. More to the point, in cases involving real property where the rule was applied, the court which first tried to exercise jurisdiction had subject matter jurisdiction. See Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667 (1900); Ray v. Williams Phosphate Co., 59 Fla. 598, 52 So. 589 (1910); DiProspero; Blake v. Blake, 172 So.2d 9 (Fla. 3d DCA 1965).
Where the cause of action is in rem, as is the case regarding Mobil's reply counterclaim,[3] the court involved has subject matter jurisdiction only if it has 1) jurisdictional power to adjudicate the class of cases to which the cause belongs and 2) jurisdictional authority over the land which is the subject matter of the controversy. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775 (1927). Although the Leon County Circuit Court has jurisdictional authority to adjudicate the type of action represented by Mobil's reply counterclaim,[4] it does not have jurisdictional power over the Polk County parcel of land which is the subject matter of Mobil's reply counterclaim.
Florida's constitution delegated the legislature with the mandatory responsibility of dividing the state into judicial circuits along county lines. See Art. V, § 1, Fla. Const. (1968). Acting pursuant to the command of the constitution, the legislature divided the state into twenty judicial circuits along county lines. See § 26.01, Fla. Stat. (1981). By the very act of providing for this type of division of the state into judicial circuits, the constitution clearly contemplated territorial limitations upon each circuit court. The geographical boundaries of a circuit court along county lines were designed and prescribed with a definite object in view  to constrict the extent of a circuit court's operation and authority. Needless to say, Leon County and Polk County are in separate judicial circuits. See § 26.021.
*416 The local action rule in Florida is that where land lies outside a circuit court's territorial jurisdiction, and the purpose of an action is to determine the question of title to the land, as is the case regarding Mobil's reply counterclaim, the action is local to the circuit in which the land lies. Lakeland Ideal Farm & Drainage District. See also Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933); Largo Land Co. v. Skipper, 98 Fla. 541, 123 So. 915 (1929); George v. Gustinger, 350 So.2d 574, 575 (Fla. 3d DCA 1977); Hendry Corp. v. State Board of Trustees of the Internal Improvement Trust Fund, 313 So.2d 453 (Fla. 2d DCA 1975).[5]
The local action rule in Florida is one of subject matter jurisdiction, not venue, although the Trustees suggest otherwise. Indeed, the rule is rooted in the second part of the in rem definition of subject matter jurisdiction which requires that the court have jurisdictional authority over the land which is the subject matter of the controversy. Moreover, our state supreme court remarked as follows in Lakeland Ideal Farm & Drainage District:
The [venue] statutes ... affect only the venue of actions. The authority of the [venue] statutes ... necessarily presupposes that the court in which the action is brought possesses jurisdiction of the subject-matter of the action as well as of the parties. Those statutes do not purport to confer generally extra-territorial jurisdiction as to subject-matter located in another county, nor to change existing rules with reference to the locality of actions which in their essential nature are local and therefore must be brought in a court having jurisdiction of the subject-matter as well as of the parties.
122 So. at 518. In Hendry Corp., this court echoed the above statement in Lakeland Ideal Farm & Drainage District by noting that "the local action rule is itself a limitation on the statutory rule as to venue." 313 So.2d at 455.[6]
Since the local action rule in Florida is a rule of subject matter jurisdiction, not venue, Mobil did not "waive" the rule by submitting its reply counterclaim to the Leon County Circuit Court, because subject matter jurisdiction cannot be conferred by waiver or consent. See, e.g., Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA 1974).
In sum, the Leon County Circuit Court lacks jurisdiction of the subject matter of Mobil's reply counterclaim for the reason that the counterclaim is in rem in nature and local to the Polk County Circuit Court. See Cohen v. Century Ventures, Inc., 163 So.2d 799 (Fla. 2d DCA 1964). Because the Leon County Circuit Court lacks jurisdiction over the subject matter of Mobil's reply counterclaim, the rule of priority is inapplicable.[7] Hence, the Polk County Circuit Court did not err in denying the Trustees' motion in the alternative and in proceeding to render a final judgment.
The Trustees' three remaining arguments on appeal relate to the substantive question of whether the Polk County Circuit Court erred in granting Mobil's motion for summary judgment as to the title issues. These issues, however, have been decided adversely to the Trustees in Coastal Petroleum Co. v. American Cyanamid Co., et al. 454 So.2d 6 (Fla. 2d DCA 1984) (questions certified). Therefore, we do not address those questions here.
Accordingly, the final summary judgment order is affirmed.
AFFIRMED.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] It is unclear from the record on appeal whether Mobil's reply counterclaim was permissive or compulsory in nature.
[2] The Trustees assert that Mabie's "rule of priority" is one of exclusive venue, not exclusive jurisdiction.
[3] "An action involves title to real estate `only where the necessary result of the decree or judgment is that one party gains or the other loses an interest in the real estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights.'" In re Weiss' Estate, 106 So.2d 411, 415 (Fla. 1958), quoting from Barrs v. State ex rel. Britt, 95 Fla. 75, 116 So. 28, 29 (1928).
[4] A perusal of relevant statutory authority readily reveals that the Leon County Circuit Court has jurisdictional power to adjudicate the class of cases to which Mobil's reply counterclaim belongs. The circuit courts have exclusive original jurisdiction in all cases in equity and in law involving the title of real property. See § 26.012(2)(c) and (g), Fla. Stat. (1981). The circuit courts also have jurisdiction to declare rights, status and other equitable or legal relations. See § 86.011. More specifically, any party who may be in doubt about his rights under a deed, as is Mobil, may have determined any question under such deed and obtain a declaration of rights, status or other equitable or legal relations thereunder. See § 86.021. In addition, further relief based on a declaratory judgment may be granted when necessary and proper upon an application by motion to the court having jurisdiction to grant relief. See § 86.061.
[5] See also The Northern Indiana Railroad Co. v. The Michigan Central Railroad Co., 15 How. (56 U.S.) 233, 14 L.Ed. 674 (1853); Massie v. Watts, 6 Cranch (10 U.S.) 148, 3 L.Ed. 181 (1810); Johnson v. Dunbar, 114 N.Y.S.2d 845 (N.Y. Sup. Ct. 1852), aff'd, 282 A.D. 720, 122 N.Y.S.2d 222 (1953), aff'd 306 N.Y. 697, 117 N.E.2d 801 (1954).
[6] See also Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895).
[7] We suggest that the Leon County Circuit Court notice the defect of want of jurisdiction as regards Mobil's reply counterclaim and enter an appropriate order. See Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1954).