FERGUSON, Judge.
Appellants/mortgagees, Sierra and Santana, commenced this Dade County circuit court action to foreclose a mortgage on a parcel of real estate located in Dade County. The property is owned by appel-lee/mortgagor, International Medical Centers, Inc. (IMC), a Florida corporation in liquidation. Appellants’ motion for leave to amend the complaint was denied by an order which adjudged that an “Order of Liquidation and Injunction for the Estate of International Medical Centers (“IMC”), which order was entered by the Leon County circuit court on June 25, 1987, ... stays all proceedings in this case as to IMC.”
*103 The question presented is whether section 631.041, Florida Statutes, provides an automatic stay of an action to foreclose a mortgage where the collateral is in the custody of a receiver in a liquidation proceeding. We hold that it does not and reverse.
While this appeal was pending, the legislature amended section 631.041, effective August 5, 1988, which previously was entitled “Injunctions” and now is termed “Automatic stay, relief from stay, injunctions”. Section 1(d) of that provision clarifies the legislative intent and sustains the appellants’ position. As amended the statute now provides:
(1) An application or petition under s. 631.031 operates as an automatic stay applicable to all persons and entities, other than the receiver, which shall be permanent and survive the entry of an order of conservation, rehabilitation, or liquidation, and which shall prohibit:
* * * * He *
(d) Any act to create, perfect, or enforce a lien against property of the insurer, except a secured claim as defined in s. 631.011(15); _ (emphasis added)
Section 631.011(15) states:
(15) “Secured claim” means any claim secured by mortgage, trust deed, pledge, deposit as security, escrow, or otherwise but does not include a special deposit claim or a claim against general assets.... (emphasis added)
We hold, in response to the question presented, that the automatic stay provision of section 631.041(l)(d) does not prevent a foreclosure action on a secured claim. The foreclosure action may proceed here in Dade County where the land is located. Georgia Cas. Co. v. O’Donnell, 109 Fla. 290, 147 So. 267 (1933) (suit to foreclose mortgage is local and must be brought in county where land lies). See also § 47.011, Fla.Stat. (1987). If there is a deficiency it may be treated in the liquidation proceeding as a claim against the general assets along with any other unsecured claims. See § 631.191(2)(a), Fla.Stat. (1987).
Reversed and remanded.