468 So.2d 427 (1985)
James Frederick DOERSAM, Appellant,
v.
George A. BRESCHER, Sheriff, Broward County, Appellee.
No. 84-1427.
District Court of Appeal of Florida, Fourth District.
May 1, 1985.
Rehearing Denied May 31, 1985.
David F. Holmes of Braverman & Holmes, Fort Lauderdale, for appellant.
Bruce W. Jolly of Shailer, Purdy & Jolly, Fort Lauderdale, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from a final order forfeiting appellant's automobile to the Sheriff because of its alleged use in a criminal offense. Because we find that the trial court improperly permitted the Sheriff to rely on hearsay evidence to sustain his burden of proof, we reverse the judgment and direct that the property be discharged.
The Sheriff, to his credit, concedes that the proof of the vehicle's use in the commission of a crime would be insufficient absent use of the hearsay evidence admitted below. Nevertheless, he urges us to permit the use of hearsay evidence and invites us to follow the lead of some federal authorities permitting the use of such evidence. See, e.g., United States v. One 56-Foot Motor Yacht Named the Tahuna, 702 F.2d 1276 (9th Cir.1983). We decline the invitation.
Forfeiture proceedings such as are involved herein have been characterized as civil in rem proceedings whose object is *428 to acquire ownership by the state or its agencies in any property utilized in the commission of a felony. In re: Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars ($48,900.00) in United States Currency, 432 So.2d 1382 (Fla. 4th DCA 1983). In filling the procedural void left by a bareboned statutory scheme we have attempted to outline the procedure to be followed in a forfeiture proceeding in order to meet statutory and minimum due process requirements. See In re: Forfeiture of Approximately $48,900.00. At the base of these requirements is the obligation of the forfeiting agency to establish by competent evidence the use of the property in a criminal venture. In addition, persons having an interest in the property are entitled to basic due process rights, including reasonable notice and an opportunity to be heard, before their rights in the property can be cut off.
In Florida, hearsay statements are not generally admissible in criminal or civil proceedings. § 90.802, Fla. Stat. (1983). The use of hearsay as a predicate for the factfinder's decision has also been rejected in probation revocation proceedings and administrative proceedings. For example, section 120.58(1)(a); Florida Statutes (1983), provides as to administrative hearings:
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.
Of course, the rationale underlying our rejection of the use of hearsay evidence is its inherent unreliability as secondhand information, and the obvious unfairness in not providing the party against whom it is offered an opportunity to question the declarant of the statements. In our view, those reasons have no less efficacy in proceedings where the state seeks to acquire a person's property than in other civil proceedings where property interests are challenged.[1] Accordingly, we hold that hearsay evidence should not be admitted in a final hearing in forfeiture proceedings and, of course, such evidence may not form the basis for a factfinder's decision that the property was utilized in the commission of a crime.
For the reasons set out above we reverse the forfeiture judgment and remand with directions that judgment be entered in favor of appellant. The other issues raised on appeal are rendered moot by our decision.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] In condemnation proceedings, where the state seeks to acquire the real property of a citizen, we afford a citizen the highest degree of due process rights, including a 12 person jury and state-paid counsel.