UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 11205 McPHERSON LANE, OJAI, CALIFORNIA, Defendant.

Claim of Michael CALDWELL, Claimant.

No. CV–90–160–ECR.

United States District Court, D. Nevada.

Jan. 15, 1991.

Will B. Mattly, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Scott S. Furstman, Santa Monica, Cal., and Anthony P. Sgro, Las Vegas, Nev., for claimant Robin Caldwell.

Victor Sherman, Santa Monica, Cal., and David Z. Chesnoff, Las Vegas, Nev., for claimant Michael Caldwell.

ORDER

EDWARD C. REED, Jr., Chief Judge.

On October 24, 1989, the Federal Grand Jury in Reno, Nevada indicted Claimant Michael Caldwell ("Claimant") in various counts of *United States of America v. Ciro Wayne Mancuso, et al.,* CR–N–89–24–ECR. A warrant was issued for Claim-

ant's arrest. Claimant has remained a fugitive from justice since October, 1989.

On August 31, 1990, plaintiff filed a civil forfeiture action in this court, in connection with Claimant's indictment, against property located in Ojai, California. Claimant owns the Ojai property. Plaintiff alleged that Claimant purchased the property with funds acquired illegally through the criminal enterprise alleged in the indictment. After reviewing plaintiff's complaint for forfeiture and the attached affidavit on August 31, 1990, the Honorable Phyllis Halsey Atkins, Magistrate, determined that probable cause existed to seize the subject property. Plaintiff subsequently seized the property. Claimant remains a fugitive whose whereabouts are unknown to the court.

On October 21, 1990, Claimant, through his attorneys, filed a motion to dismiss the civil forfeiture action (document # 8) under Fed.R.Civ.P. 12(b)(6), alleging six separate grounds. None of the six grounds alleges failure to state a claim, as 12(b)(6) requires. However, this court will recategorize Claimant's claims correctly.

I. Claimant alleges that this court lacks jurisdiction over the person and the property [12(b)(2)]. II. Claimant alleges that 21 U.S.C. § 881(j), expanding venue in civil forfeiture actions, is unconstitutional. III. Claimant alleges that the United States District Court for the District of Nevada is an improper venue [12(b)(3)]. IV. Claimant alleges that this court has no jurisdiction to transfer the case to a proper venue, and therefor, must dismiss the case. V. Claimant alleges that plaintiff improperly seized the California property and must return it to claimant. VI. In the event this court has jurisdiction over the person or property, and is a proper venue, Claimant requests that this court order plaintiff to show probable cause to seize the property pursuant to 21 U.S.C. § 881(b).

On November 20, 1990, plaintiff filed an opposition to claimant's motion entitled "Government's response to claimant's motion to dismiss ..." (document # 19). On November 30, 1990, claimant filed a reply

(document # 21). We address each of the six allegations in turn.

### I. Jurisdiction over the person and the property

In addition to subject matter jurisdiction, a court adjudicating rights to real property must have personal jurisdiction over the defendant, *in personam* jurisdiction, or jurisdiction over the property, *in rem* jurisdiction. In this case, plaintiff asks a United States District Court in Nevada to adjudicate rights to property located in California.

Traditionally, *in rem* jurisdiction refers to a court's power to determine a person's interest in certain real property as against the whole world. This we clearly cannot do since we do not have jurisdiction over the property. However, plaintiff asks only that we determine that between the United States and Claimant, the United States has a right to the subject property. In effect, plaintiff asks that we exercise *quasi in rem* jurisdiction. That is, plaintiff asks that we decide who between plaintiff and Claimant is entitled to the property.

■ As stated, we do not have jurisdiction over property located outside the territorial borders of our district. However, if we have *in personam* jurisdiction over Claimant, we may determine plaintiff's interest vis à vis Claimant's interest in the subject property.

In this case, our subject matter jurisdiction arises from a federal question under 21 U.S.C. § 881. Thus, we must decide to what extent a United States district court must have personal jurisdiction over the defendant/claimant in a suit in federal court on a federal question.

We begin by considering Fed.R.Civ.P. 4(e) and 4(f). 4(f) provides in part:

**Territorial limits of effective service:** All process ... may be served anywhere within the territorial limits of the state in which the district court is held, *and, when authorized by a statute of the United States or by these rules, beyond*

*the territorial limits of that state* (emphasis added).

4(e) provides in part:

> **Summons: Service Upon Party Not Inhabitant of or Found Within State:** Whenever a statute of the United States ... provides for service of a summons, or of a notice ... upon a party not an inhabitant of or found within the state in which the district court is held, service may be made ... in the manner prescribed by the statute.... Whenever a statute ... of the state in which the district court is held provides (1) for service of a summons, or of a notice ... upon a party not an inhabitant of or found within the state ... service may ... be made ... in the manner prescribed in the statute.

Whether the person to be served is located in the state in which the district court sits, or out of such state, a party could physically serve that person even if 4(e) and 4(f) did not exist. For example, assume X files a suit against Y in federal court in Nevada on diversity, alleging Y battered X in New York while X was visiting there. X is a citizen of Nevada and Y is a citizen of New York. After filing suit in Nevada, X serves Y in hand in New York with the summons and complaint. While X has physically served Y with process from a federal court in Nevada, the court has not obtained jurisdiction over Y just because X served Y. However, 4(e) and 4(f) would confer jurisdiction on the court under the preceding facts if a United States statute so provided. That is, if the serving party complied with 4(e) or 4(f), serving the party pursuant to the federal law would confer personal jurisdiction on the court. In other words, 4(e) and 4(f) would make Y amenable to service and give the federal court in Nevada *in personam* jurisdiction over Y if X complied with 4(e) or 4(f).

Further, under the preceding hypothetical, assume that Y had some other relationship to Nevada. If a state long arm statute allowed the court to obtain jurisdiction over Y, and if exercising jurisdiction over Y comported with due process, the federal court could exercise jurisdiction over Y under 4(e) or 4(f).

In *Omni Capital International v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987), the Supreme Court analyzed 4(e) and 4(f) to determine what requirements they impose on a federal trial court wishing to exercise *in personam* jurisdiction in a federal question case. Writing for a unanimous Court, Justice Blackmun set out a test to determine whether a federal trial court in a federal question case has *in personam* jurisdiction over the defendant.

■ If a United States district court wishes to obtain *in personam* jurisdiction over a person not within the territorial borders of the jurisdiction in which it sits, it first considers whether Congress has authorized such jurisdiction in a statute. For example, in *Omni,* plaintiff sued under the Commodity Exchange Act, 7 U.S.C. § 25. The trial court first looked to that act to see if Congress included a personal jurisdiction provision. In general, if Congress has included an applicable jurisdictional provision, the court must ensure that the provision comports with due process under the constitution. If it does, then service effectuated in compliance with its provisions is valid and confers jurisdiction. If the provision does not comport with due process, service is invalid and the court has no jurisdiction.

Under Fed.R.Civ.P. 4(e), if Congress has not provided a grant of *in personam* jurisdiction in the substantive statute, the federal trial court can look to the long arm statute of the state in which it sits. If the long arm statute does not allow the court to exercise personal jurisdiction, the court does not have personal jurisdiction. If the long arm statute allows the court to exercise jurisdiction, the court must ensure that exercising jurisdiction comports with due process. If it does, then service effectuated in compliance with its provisions is valid and confers jurisdiction. Thus, for a federal trial court in a federal question case to have *in personam* jurisdiction over a defendant or claimant not an inhabitant of or located within the borders of the state in which the court sits, the defendant or

claimant must be amenable to service pursuant to a Congressional law or a state long arm statute.

In this case, Claimant is not an inhabitant of Nevada, nor has he been found within Nevada. Thus, we first consider whether Congress has authorized this court to exercise *in personam* jurisdiction under the civil forfeiture statute, 21 U.S.C. § 881. Two provisions in 881 arguably apply.

First, 881(b) provides in part:

Any property subject to civil forfeiture to the United States ... may be seized by the Attorney General upon process issued ... by any district court of the United States having jurisdiction over the property ...

This provision allows any district court to serve process on claimants located anywhere, and assert jurisdiction to seize forfeitable property located within the territorial borders of the court's jurisdiction. In this case, the property in question is located in California, outside the borders of this court's jurisdiction. Thus, this court does not have jurisdiction over the property. Consequently, 881(b) does not allow this court to serve process on claimant and thereby obtain jurisdiction over him.

The other arguably applicable provision, argued strenuously by plaintiff, is 21 U.S.C. § 881(j), which provides:

**Venue:** In addition to the *venue* provided for in section 1395 of Title 28 or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or *in the judicial district in which the criminal prosecution is brought* (emphasis added).

In this case, the criminal prosecution is pending against claimant in Nevada. Thus, plaintiff argues, under this subsection, Congress has conferred upon this court jurisdiction to adjudicate plaintiff's claim. Claimant argues, to the contrary, that this provision merely provides an additional venue to bring the action once the court has personal jurisdiction. Resolving this issue requires some in depth analysis.

First, Congress has labeled this provision "Venue," not "Jurisdiction." As will appear below, in other federal laws, Congress has explicitly referred to analogous sections as "Jurisdiction." Giving this provision its plain meaning, 881(j) provides only venue. However, the analysis does not end here.

■ Plaintiff argues that even though on its face 881(j) grants only venue, Congress intended the provision to grant jurisdiction. Plaintiff argues that courts should interpret this provision liberally to further the War on Drugs. Plaintiff points to some legislative history and three cases, *United States v. Parcel I*, 731 F.Supp. 1348 (S.D.Ill.1990), *United States v. One Parcel of Real Property*, 712 F.Supp. 525 (S.D. Miss.1988), and *United States v. Premises Known as Lots 50 & 51*, 681 F.Supp. 309 (E.D.N.C.1988) to support its argument. First, however, the legislative history offers no evidence that Congress intended 881(j) to extend a court's power of process, and thereby extend a court's power to exercise *in personam* jurisdiction. The legislative history indicates only that Congress wanted a more convenient forum for the parties. Consistent with the language and title of 881(j), providing a convenient forum is a venue-related, not a jurisdictional, concern.

The three cases plaintiff cites, all trial court cases outside the Ninth Circuit, relied on the proposition that a federal trial court's territorial jurisdiction in a forfeiture proceeding is limited only by the territorial limits of the nation and the venue provisions. Thus, according to plaintiff, any United States district court in the nation in which claimant was found or in which claimant was being prosecuted for crimes related to the civil forfeiture, would have jurisdiction to adjudicate the case regardless of plaintiff's relationship to the forum. All three cases relied on *United States v. One 1974 Cessna Model 310R Aircraft*, 432 F.Supp. 364 (D.S.C.1977) as their only authority. However, this holding from *Cessna* conflicts with the Su-

preme Court's holding in *Omni, supra.* In a situation where a court does not have *in rem* jurisdiction over the subject property, as is the case here, the court must have *in personam* jurisdiction over the claimant. Thus, 881(j) more consistently applies to a situation where the court already has *in personam* jurisdiction over the claimant, but the property is located in another jurisdiction. In that case, 881(j) would allow the court with jurisdiction over the claimant to try the case when without 881(j), the case would have to be tried in the forum in which the property was located. Thus, 881(j) merely provides additional venue.

In *Omni, supra,* after setting out the test for determining the requirements for *in personam* jurisdiction in a federal question case, the Supreme Court addressed the specific issue: Did Congress authorize nationwide service of process, and thus expand *in personam* jurisdiction, in the Commodities Exchange Act, 7 U.S.C. § 25 ("CEA")? In answering this question, the Court noted:

> [B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means *there must be authorization for service of summons on the defendant* (emphasis added).

*Omni,* 484 U.S. at 104, 108 S.Ct. at 409. The CEA, like 881(j), contained no explicit provision related to *in personam* jurisdiction and nationwide service of summons on the defendant. Appellant in *Omni* asserted that "the importance of futures trading to the Nation as a whole" mandated nationwide service of process, even though the language of the statute did not provide for such service. The Supreme Court rejected this policy argument because the statute was silent as to service of process. *Id.* at 106, 108 S.Ct. at 410. Further, in other statutes Congress had explicitly provided for nationwide service of process.

Similarly, in forfeiture cases, courts have held that nationwide service of process is mandated to further the War on Drugs. However, we also must reject this argument. In the absence of Congressional legislation so providing, we cannot write into the statute a nationwide service of process provision. 21 U.S.C. § 881, including subsection (j), is silent as to service of process. As the Court noted in *Omni,* "It would appear that Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such authorization was not its intention." *Id.*

Strengthening the argument that Congress is explicit when it authorizes nationwide service of process, and thus "nationwide borders to assert nationwide *in personam* jurisdiction," are the Civil RICO statutes, the Securities laws, and ERISA. 18 U.S.C. § 1965, the "Venue and process" provision of the Civil RICO statutes, provides in part:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> (b) In any action under ... this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, *the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States* by the marshal thereof (emphasis added).

In *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668 (7th Cir.1987), the Circuit Court noted that:

> Section 1965(a) deals with venue in RICO cases, but § 1965(b) creates personal jurisdiction by authorizing service. *Service of process is how a court gets jurisdiction over the person* (emphasis added).

*Id.* at 671. The language of 881(j) tracks the language of 1965(a). Both provisions provide where an action may be brought.

In 881(j), the provision is entitled "Venue." In 1965(a), the *Lisak* court interpreted a similar provision to be a venue provision. As stated, this makes sense because the language of 881(j) and 1965(a) describe locations where an action may be brought for convenience, a venue concept.

While the RICO laws contain 1965(b) authorizing personal service, and thus, personal jurisdiction, 881 contains no counterpart authorizing service. This omission cuts against plaintiff's argument that Congress intended 881(j) to authorize nationwide service, and thus, *in personam* jurisdiction.

15 U.S.C. § 78aa, the "Jurisdiction of offenses and suits" provision of the Securities Exchange Act of 1934, provides in part:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, **may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business,** and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found (emphasis added).

15 U.S.C. § 77v, the "Jurisdiction of offenses and suits" provision of the Securities Exchange Act of 1933, contains essentially the same wording. The highlighted clause of the SEC statute contains a venue provision similar to 1965(a) of RICO and 881(j) of the forfeiture laws. The only difference is that the SEC provision appears to offer a wider choice of venues. Similar to the RICO statute, courts have interpreted the SEC statutes to authorize nationwide service of process because of the language after the highlighted clause. Once again, we point out that 881 is devoid of any analogous language.

29 U.S.C. § 1132(e)(2), the Jurisdiction provision of ERISA, provides:

> Where an action under this subchapter is brought in a district court of the United States, **it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found,** and process may be served in any other district where a defendant resides or may be found (emphasis added).

Similar to the previous statutes, the highlighted portion provides where the action may be brought, and the language after the highlighted portion authorizes nationwide service of process. Thus, if a similar provision were included in the forfeiture statute, we could conclude that Congress authorized this court to effectuate nationwide service of process. That is, this court would be a proper venue under 881(j), and we would be able to effectuate service of, and thus obtain *in personam* jurisdiction over, Claimant anywhere in the United States.

Since Congress did not provide nationwide service of process, and since the plain language of 881(j) indicates that it is a venue provision, we conclude that Congress did not intend 881(j) to be a personal jurisdictional statute. Thus, there is no Congressional statute that authorizes process to be served outside the territorial boundaries of Nevada, the state in which this court sits. To have *in personam* jurisdiction over claimant, plaintiff would have to serve him within the borders of Nevada, unless some other basis exists. As stated above, our next step is to determine if the Nevada long arm statute authorizes this court to exercise *in personam* jurisdiction over Claimant.

NRS § 14.065, Nevada's long arm statute, provides in relevant part:

> 2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from:
> (a) Transacting any business ... within this state.

Claimant clearly falls into this category. According to the lengthy indictment, Claimant has participated in a widespread criminal enterprise within the borders of Nevada. This enterprise consisted of drug

transactions. While these drug transactions were illegal, they were business nonetheless. Thus, claimant falls under the umbrella of the long arm statute.

Having concluded that claimant comes under the long arm statute, we must determine if exercising *in personam* jurisdiction over claimant comports with due process. Under *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, due process requires that an exercise of jurisdiction comport with traditional notions of fair play and substantial justice. That is, defendant (Claimant here) must have contacts with the forum sufficient to make fair and reasonable haling defendant (Claimant here) into court. In this case, Claimant has substantial and qualitative contacts with Nevada. As stated above, Claimant used Nevada to conduct his criminal enterprise. Not only does he have substantial contacts with Nevada, but the contacts directly relate to the pending cause of action. Having allegedly conducted voluminous illegal activities in Nevada, claimant is subject to suit within Nevada's borders.

While we hold that Congress has not authorized nationwide service of process in 881(j), we nonetheless find *in personam* jurisdiction over Claimant based on Nevada's long arm statute. Thus, we reject Claimant's argument that this court lacks jurisdiction over the person and find that we have jurisdiction, both subject matter and personal, to decide this case. Further, Claimant has clearly received notice of this proceeding as he, through his attorneys, is defending the action.

## II. Constitutionality of 881(j)

■ Claimant argues that 21 U.S.C. § 881 is unconstitutional since it is, in effect, a criminal forfeiture proceeding and denies him due process. Claimant relies on two federal trial court cases from outside the Ninth Circuit. This argument must fail. First, the Ninth Circuit has held: "Civil due process in forfeiture cases requires little more than forfeiture proceedings be commenced without unreasonable delay." *United States v. One 1985 Mer-*

*cedes*, 917 F.2d 415, 420 (9th Cir.1990). In this case, Claimant does not allege, nor does any evidence exist to indicate, that plaintiff instituted the action with unreasonable delay.

Further, 881 is not analogous to a criminal forfeiture because, unlike a criminal forfeiture, the civil forfeiture does not primarily attempt to penalize. The criminal forfeiture primarily penalizes a convicted person for committing the crime by confiscating property. On the other hand, while a civil forfeiture the government attempts to penalize, it primarily attempts to seize the fruits of illegal activity.

Additionally, as discussed above, Claimant has contacts with Nevada sufficient to subject himself to this court's jurisdiction. Thus, Claimant has received due process under the fifth amendment, irrespective of the civil or criminal nature of the forfeiture action. Finally, Claimant, through his attorneys, has clearly received notice of the action. As to the claim that he received notice too late because he received it after plaintiff seized the property, see V and VI below.

## III. Legality of this court as a proper venue

■ Claimant alleges that this court is an improper venue. This argument fails. 28 U.S.C. § 1391(b) provides specific locations for venue and adds that Congress may statutorily create additional venues. In this case, Congress enacted 21 U.S.C. § 881(j), a venue provision. That provision places an additional venue in the district where the criminal prosecution related to the civil forfeiture action is pending. In this case, this court is in the district where the criminal prosecution is pending. Thus, this court is a proper venue and Claimant's allegation fails.

## IV. Jurisdiction of this court to transfer case to proper venue

Whether or not we have jurisdiction to transfer the case to a proper venue is moot in light of the fact that this court has jurisdiction to hear the case and is a proper venue.

**1490**

### V. Propriety of seizing the property

Claimant argues that plaintiff must return the property to Claimant since 21 U.S.C. § 881(j) is unconstitutional and since plaintiff seized the property without notifying Claimant. As to the first argument, Claimant's claim fails because 881 is constitutional.

■ Regarding the claim that plaintiff improperly seized the property without notifying claimant, 21 U.S.C. § 881(b)(4) provides that the Attorney General may seize property without issuing process if probable cause exists to believe that the property is subject to civil forfeiture under 881. In this case, plaintiff appeared before Magistrate Atkins, who determined that probable cause existed and issued a warrant of seizure. Thus, Claimant's motion to have the property returned to him fails.

### VI. Claimant's motion to make plaintiff show probable cause

Claimant urges this court to force plaintiff to show probable cause to seize the property in question. However, as discussed above, plaintiff has already shown probable cause to seize the property. Thus, this request also fails.

IT IS, THEREFORE, HEREBY ORDERED that Claimant's motion to dismiss the civil forfeiture action (document # 8) is DENIED on all grounds.

IT IS FURTHER ORDERED that claimant's motions to unseize the property and force plaintiff to show probable cause (contained within document # 8) are DENIED.