661 So.2d 901 (1995)
Stephen L. RUTH, a/k/a Stephen Louis Ruth, a/k/a Larry Richards; M. Eileen Borg, a/k/a Eileen Ruth, a/k/a Muriel E. Borg, a/k/a Muriel Wilson; The M. Eileen Borg Revocable Trust; and Others Known and Unknown, Petitioners/Appellants,
v.
STATE of Florida, DEPARTMENT OF LEGAL AFFAIRS, Respondent/Appellee.
Nos. 94-03341, 94-03609 and 94-03610.
District Court of Appeal of Florida, Second District.
October 13, 1995.
*902 Jonathan Stidham of Boswell, Stidham, Purcell, Conner, Wilson & Brewer, Bartow, for Petitioners/Appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanne Clougher, Assistant Attorney General, Tampa, for Respondent/Appellee.
PARKER, Judge.
The issue to be resolved in these appeals is whether a circuit court, upon personal service of a defendant within the court's jurisdiction, has subject matter jurisdiction to forfeit real property to the state under the Florida RICO Act. Petitioners/Appellants, Stephen L. Ruth, a/k/a Stephen Louis Ruth, a/k/a Larry Richards; M. Eileen Borg, a/k/a Eileen Ruth, a/k/a Muriel E. Borg, a/k/a Muriel Wilson; The M. Eileen Borg Revocable Trust; and Others Known and Unknown (hereinafter Ruth), filed a petition for writ of certiorari, challenging the trial court's Order Denying Motion to Dismiss and Summary Judgment and Order Granting State's Motion to Transfer. They also appeal an Order Transferring Instant Action to Charlotte County and the Order Transferring Instant Action to Sarasota County. We dismiss the petition for writ of certiorari, concluding that the petitioners have not established that the interlocutory orders will cause material injury throughout the proceeding which cannot be corrected on postjudgment appeal. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). Further, although we conclude that the appeals of the nonfinal orders transferring the action should be affirmed, we certify two questions of great public importance.
The State of Florida, Department of Legal Affairs filed a civil RICO[1] complaint against Ruth. The state requested the following relief:
1. Subject all Defendants' real and personal property to Court supervision, and order Defendants to refrain from disposing of, transferring, relocating, dissipating or otherwise altering the status of said properties without prior approval of the Court, *903 during the pendency of this action, under Section 895.05(5), Florida Statutes;
2. Order forfeiture of all real property described in the Complaint to the State of Florida, pursuant to Section 895.05(2), Florida Statutes;
3. Enter a money judgment against Defendants for monies received by them which were used in the course of, intended for use in the course of, derived from or realized through conduct in violation of Section 895.03, Florida Statutes;
4. Order the lessors of all real property subject to forfeiture to deposit into the Court registry, or other account established by the Plaintiff, each and every rental payment due and payable during the pendency of this action.
5. Award Plaintiff such costs of investigation and litigation including attorney fees, as may be taxable by law;
6. Retain jurisdiction to direct the proper distribution of the proceeds of forfeiture, pursuant to Section 895.09, Florida Statutes; and
7. Award all other relief the Court may deem just, equitable and appropriate.
The state filed the complaint in Polk County and served Ruth by means of personal service. All of the property sought to be forfeited is located either in Charlotte County or Sarasota County. Ruth sought summary judgment and dismissal of the complaint, arguing, among other grounds, that the court lacked subject matter jurisdiction over the forfeiture action. The state filed a Renewed Motion to Sever and Transfer the Action. The trial court denied Ruth's motions for summary judgment and to dismiss, and Ruth filed a petition for writ of certiorari to this court. The court granted the motion to sever and transfer and entered an Order Transferring Instant Action to Charlotte County and an Order Transferring Instant Action to Sarasota County. Ruth filed appeals from these nonfinal orders. The issue in these appeals is whether Polk County Circuit Court had subject matter jurisdiction over the forfeiture matter. This is a question of first impression for a Florida appellate court.
Chapter 895 of Florida Statutes addresses offenses concerning racketeering and illegal debts. Section 895.03, Florida Statutes (1989), sets forth prohibited activities under the Florida RICO Act. Section 895.05, Florida Statutes (1989), delineates the following civil remedies under the Florida RICO Act:
(1) Any circuit court may, after making due provision for the rights of innocent persons, enjoin violations of the provisions of s. 895.03 by issuing appropriate orders and judgments, including, but not limited to:
(a) Ordering any defendant to divest himself of any interest in any enterprise, including real property.
(b) Imposing reasonable restrictions upon the future activities or investments of any defendant, including, but not limited to, prohibiting any defendant from engaging in the same type of endeavor as the enterprise in which he was engaged in violation of the provisions of s. 895.03.
(c) Ordering the dissolution or reorganization of any enterprise.
(d) Ordering the suspension or revocation of a license, permit, or prior approval granted to any enterprise by any agency of the state.
(e) Ordering the forfeiture of the charter of a corporation organized under the laws of the state, or the revocation of a certificate authorizing a formed corporation to conduct business within the state, upon finding that the board of directors or a managerial agent acting on behalf of the corporation, in conducting the affairs of the corporation, has authorized or engaged in conduct in violation of s. 895.03 and that, for the prevention of future criminal activity, the public interest requires the charter of the corporation forfeited and the corporation dissolved or the certificate revoked.
§ 895.05(1), Fla. Stat. (1989). Furthermore, section 895.05(2) provides for civil forfeiture of property and states: "All property, real or personal, including money, used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of a provision of ss. 895.01-895.05 is subject to civil forfeiture to the state." This statute does not address jurisdiction. Moreover, our *904 review of the legislative history of this statute reveals no mention of jurisdiction.
The state argues that section 895.05(1), Florida Statutes (1989), grants any circuit court in the State of Florida the jurisdiction to enforce RICO civil remedies, including forfeiture, regardless of where the property is located. We disagree with this contention and conclude that there must be an independent basis for the court's jurisdiction. For example, as will be explained in this opinion, the court must have in personam jurisdiction over the person or in rem jurisdiction over the property in order to have jurisdiction over the forfeiture matter.
The Florida RICO Act is modeled after the federal act; therefore, Florida courts should look to federal courts for guidance in interpreting and applying the state act and should accord great weight to federal decisions. O'Malley v. St. Thomas Univ., Inc., 599 So.2d 999 (Fla. 3d DCA 1992). There are two federal cases which appear to be on point. In United States v. Real Property Located at 11205 McPherson Lane, Ojai, Cal., 754 F. Supp. 1483 (D.Nev. 1991), aff'd, 32 F.3d 573 (9th Cir.), cert. dismissed sub nom. Caldwell v. United States, ___ U.S. ___, 115 S.Ct. 536, 130 L.Ed.2d 438 (1994), a federal grand jury in Nevada indicted Caldwell. The government filed a civil forfeiture action in the district court in Nevada for the forfeiture of property which Caldwell owned in California. Caldwell filed a motion to dismiss the civil forfeiture action arguing, among other grounds, that the district court lacked jurisdiction over the person and the property and, therefore, must dismiss the case. Caldwell further argued that the district court had no jurisdiction to transfer the case to a proper venue. The district court held that when a court does not have in rem jurisdiction over the property, as was the case here, the court must have in personam jurisdiction over the claimant. If the court has in personam jurisdiction over the person, then it has jurisdiction over the forfeiture matter.
The second case which is instructive is United States v. Contents of Accounts Nos. XXXXXXXXXX & XXX-XXXXX at Merrill Lynch, Pierce, Fenner, & Smith, Inc., 971 F.2d 974 (3d Cir.1992), cert. denied sub nom. Friko Corp. v. United States, ___ U.S. ___, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993). In that case the United States filed an in rem forfeiture proceeding in the district court of New Jersey for the forfeiture of accounts in New York. The owner of the accounts challenged the district court's jurisdiction to entertain the forfeiture proceeding because the accounts were not located in the same district in which the government filed the in rem forfeiture action. The court held that the district court could exercise jurisdiction over the res if it could obtain service of process over the owner of the res. The court further held that the district court had the power to adjudicate the right to the accounts as between the owner of the accounts and the government; however, it lacked the power to find that the government's right to the res was superior to all potential claimants.
Applying these two federal cases to the facts of this case, we conclude that the Polk County Circuit Court had jurisdiction over the forfeiture action. It is uncontroverted that the Polk County Circuit Court had in personam jurisdiction over Ruth. Thus, it had the power to adjudicate the right to the property as between Ruth and the state. The Polk County Circuit Court, therefore, had jurisdiction to sever and transfer the action.
Because this is a case of first impression in Florida, we certify the following questions to the supreme court:
I. DOES A CIRCUIT COURT WHICH HAS IN PERSONAM JURISDICTION OVER THE DEFENDANT BUT DOES NOT HAVE IN REM JURISDICTION OVER THE PROPERTY HAVE JURISDICTION TO DETERMINE THE RIGHT TO THE PROPERTY AS BETWEEN THE STATE AND THE DEFENDANT IN A CIVIL FORFEITURE ACTION BROUGHT PURSUANT TO SECTION 895.05(2), FLORIDA STATUTES?
II. DOES A CIRCUIT COURT WHICH HAS IN PERSONAM JURISDICTION OVER THE DEFENDANT *905 BUT DOES NOT HAVE IN REM JURISDICTION OVER THE PROPERTY HAVE JURISDICTION TO ENTER A FINAL JUDGMENT OF FORFEITURE OR MUST THE COURT TRANSFER THE ACTION TO THE CIRCUIT COURT WHICH HAS TERRITORIAL JURISDICTION OVER THE LAND SOUGHT TO BE FORFEITED?
THREADGILL, G.J., concurs.
BLUE, J., concurs specially with opinion.
BLUE, Judge, concurring specially.
I concur because I agree the circuit court's order transferring the forfeiture actions should be affirmed. I arrive at that conclusion, however, by reasoning that differs from the majority opinion.
Ruth contends that the "local action rule" deprived the circuit court of jurisdiction over the land in controversy, and consequently, the court lacked jurisdiction to transfer the actions. Under the "local action rule," a circuit court does not have jurisdiction to compel a change in the title of real property located outside of its territorial boundaries; subject matter jurisdiction is found only in the circuit where the land lies. Goedmakers v. Goedmakers, 520 So.2d 575 (Fla. 1988); Lakeland Ideal Farm & Drainage Dist. v. Mitchell, 97 Fla. 890, 122 So. 516 (1929). Thus, I agree with Ruth's assertion that the Polk circuit court lacked jurisdiction to effectuate a forfeiture, that is, to transfer the title of land located in Sarasota and Charlotte counties.
Nevertheless, the lack of jurisdiction to perform a particular task does not deprive the court of its jurisdiction to perform other acts unrelated to the title of the real property. The circuit court had jurisdiction to transfer the actions to the circuits that possess the authority to grant full relief. See State, Dep't of Natural Resources v. Antioch Univ., 533 So.2d 869 (Fla. 1st DCA 1988). For this reason, I concur in affirming the circuit court's order transferring the forfeiture actions.
NOTES
[1] Racketeer Influenced and Corrupt Organization Act, §§ 895.01-.06, Fla. Stat. (1989).