684 So.2d 181 (1996)
Stephen L. RUTH, etc., et al., Petitioners,
v.
DEPARTMENT OF LEGAL AFFAIRS, Respondent.
No. 86872.
Supreme Court of Florida.
November 27, 1996.
*182 Wofford H. Stidham and Jonathan Stidham of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Bartow, for Petitioners.
Robert A. Butterworth, Attorney General and Jeanne Clougher, Assistant Attorney General, Tampa, for Respondent.
KOGAN, Chief Justice.
We have for review Ruth v. State, Department of Legal Affairs, 661 So.2d 901 (Fla. 2d DCA 1995), wherein the district court certified the following questions to be of great public importance:
1. DOES A CIRCUIT COURT WHICH HAS IN PERSONAM JURISDICTION OVER THE DEFENDANT BUT DOES NOT HAVE IN REM JURISDICTION OVER THE PROPERTY HAVE JURISDICTION TO DETERMINE THE RIGHT TO THE PROPERTY AS BETWEEN THE STATE AND THE DEFENDANT IN A CIVIL FORFEITURE ACTION BROUGHT PURSUANT TO SECTION 895.05(2), FLORIDA STATUTES?
2. DOES A CIRCUIT COURT WHICH HAS IN PERSONAM JURISDICTION OVER THE DEFENDANT BUT DOES NOT HAVE IN REM JURISDICTION OVER THE PROPERTY HAVE JURISDICTION TO ENTER A FINAL JUDGMENT OF FORFEITURE OR MUST THE COURT TRANSFER THE ACTION TO THE CIRCUIT COURT WHICH HAS TERRITORIAL JURISDICTION OVER THE LAND SOUGHT TO BE FORFEITED?
Id. at 904-05. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We rephrase the second certified question as follows:
IF THE ANSWER TO QUESTION 1. IS YES, CAN THE COURT RENDER A FINAL JUDGMENT OF FORFEITURE OR MUST THE COURT TRANSFER THE ACTION TO THE CIRCUIT COURT WHICH HAS TERRITORIAL JURISDICTION OVER THE LAND SOUGHT TO BE FORFEITED?
With regard to the first certified question we find that a circuit court having in personam jurisdiction over a defendant in a civil RICO forfeiture action, through which the State seeks to obtain real property owned by the defendant, may determine who is entitled to the property as between the State and defendant. To determine the State's right to the property as against the whole world however the court must have in rem jurisdiction over the property. Likewise, in rem jurisdiction is needed to effect a title transfer. Accordingly, our answer to the second certified question is that a court with only in personam jurisdiction may not issue a forfeiture order in these circumstances. Rather, the court must transfer its order declaring who is entitled to the property as between the State and the defendant to the court that has in rem jurisdiction over the property. The court with in rem jurisdiction, after following the remaining statutory and constitutionally required forfeiture procedures, may then issue an order of forfeiture.
The State of Florida, Department of Legal Affairs filed in Polk County a civil RICO[1] complaint against Stephen Ruth; Eileen Borg, Ruth's mother; and the M. Eileen Borg Revocable Trust Fund, for which Eileen Borg served as trustee.[2] The State *183 sought various forms of relief provided by section 895.05, Florida Statutes (1989), including forfeiture of certain real property Ruth allegedly obtained or used in violation of the RICO Act.[3] Although the real property sought to be forfeited was located in Charlotte County and Sarasota County, the State filed its complaint in Polk County, because Ruth was incarcerated there. The State served Ruth and the other defendants by personal service.
Several months after the State filed its complaint, it moved to transfer the action to Charlotte County. The trial judge denied the State's motion. Ruth then filed a motion for partial summary judgment. During the hearing on Ruth's motion, the trial judge questioned whether the court had jurisdiction to hear the case. After a preliminary review of chapter 895, Florida Statutes, the judge thought the suit might be an in rem proceeding which required resolution by a court in the county in which the property was located.
At this point in the proceedings, Ruth argued that the trial court had jurisdiction, because the conduct resulting in the RICO action occurred in Polk County. The State also contended that the trial court had jurisdiction. The State maintained however that pursuant to the local action rule, the trial court could not order the actual forfeiture. The State did not want to dismiss and refile its complaint in one of the counties in which the property was located though, because it did not want to lose the priority it currently enjoyed on its liens.
The trial judge ordered each party to submit a memorandum of law on the jurisdictional issue. Ruth filed a memorandum in which he changed his position on the issue. While Ruth agreed that venue was proper in Polk County, he argued that the Polk County Circuit Court did not have jurisdiction. Rather, he claimed that the local action rule required that the suit be brought in the counties where the property was located. Because the Polk County Circuit Court lacked jurisdiction, Ruth argued that the court should dismiss the action.
Prior to filing its memorandum on the issue of jurisdiction, the State filed a renewed motion to transfer the action to Sarasota County. The State argued that Polk County was no longer the most convenient forum because Ruth was leaving that county to face a federal indictment. The State instead contended that Sarasota County was now the most convenient forum because the majority of witnesses and the remaining defendants were located there.[4]
In its memorandum on jurisdiction, the State maintained that the Polk County Circuit Court, through personal service on Eileen Borg, had personal jurisdiction over the trustee of the trust fund containing the property at issue. Consequently, the State argued, the court could order Borg to divest the property which had been fraudulently conveyed by Ruth to avoid forfeiture at an earlier date. The trial judge ruled orally at a subsequent hearing that the court had jurisdiction and proceeded with the case.
Ruth later filed a motion to dismiss alleging as one basis for dismissal that the trial court lacked subject matter jurisdiction pursuant to the local action rule. Ruth also filed a motion for partial summary judgment and a motion for summary judgment. While these motions were pending, the State filed a renewed motion to sever and transfer the action. The trial judge denied all Ruth's motions but granted the State's motion to transfer. The judge then issued two transfer ordersan order transferring the action to Charlotte County and an order transferring the action to Sarasota County.
In response to the denial of his various motions, Ruth filed a petition for writ of *184 certiorari with the district court.[5] Ruth again alleged that the trial court lacked subject matter jurisdiction and thus should have granted his motion to dismiss. Ruth also appealed the two transfer orders the trial judge issued.[6] The district court consolidated the two cases but subsequently dismissed the petition for certiorari because it determined Ruth had not established that the interlocutory orders would cause material injury throughout the proceeding which could not be corrected on post-judgment appeal. Ruth, 661 So.2d at 902. The court however addressed Ruth's appeal of the non-final transfer orders. Specifically, the district court addressed whether the trial court had jurisdiction to issue the transfer orders. Id. at 903.
The district court found that neither chapter 895 or that statute's legislative history addressed jurisdiction. Id. at 903-4. The court then turned to federal case law for guidance. Id. at 904. The court determined that pursuant to United States v. 11205 McPherson Lane, 754 F.Supp. 1483 (D.Nev. 1991), aff'd 32 F.3d 573 (9th Cir.1994), cert. dismissed, ___ U.S. ___, 115 S.Ct. 536, 130 L.Ed.2d 438 (1994), and United States v. Accounts Nos. XXXXXXXXXX & XXX-XXXXX, 971 F.2d 974 (3d Cir.1992), cert. denied, 507 U.S. 985, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993), the trial court in this case, although it did not do so,[7] had jurisdiction to adjudicate the right to the property as between Ruth and the State. Ruth, 661 So.2d at 904. That authority, the district court determined, necessarily included jurisdiction to sever and transfer the action. Id.
Although we agree with the district court's conclusion, we disagree with the basis for that conclusion. Like the district court, we find that neither Florida's RICO act nor its legislative history addresses jurisdiction. Thus, we must look elsewhere for guidance on this issue. The district court's decision implies that it looked to case law interpreting the federal RICO act[8] for guidance. Id. The cases which the district court cites, however, do not directly address the federal RICO act. Rather, those decisions address several federal civil forfeiture provisions,[9] one of which Florida courts have found similar to and looked to in interpreting the Florida Contraband Forfeiture Act.[10]See In re Forfeiture of Ten Thousand Seven Hundred Eighty-Eight Dollars, 580 So.2d 855, 857 (Fla. 2d DCA 1991); In re Forfeiture of One 1973 Mercedes Benz, 423 So.2d 535, 538 (Fla. 4th DCA 1982).
Moreover, the federal RICO act does not provide us with any guidance. Unlike the Florida RICO act, the federal RICO act does not include a civil forfeiture provision.[11] The federal act classifies forfeiture as part of the criminal penalty against an individual.[12] Consequently, federal courts view RICO actions *185 as in personam against the defendant. See United States v. Conner, 752 F.2d 566, 576 (11th Cir.), cert. denied, 474 U.S. 821, 106 S.Ct. 72, 88 L.Ed.2d 59 (1985); United States v. Cauble, 706 F.2d 1322, 1349 (5th Cir.1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); United States v. L'Hoste, 609 F.2d 796, 813 n. 15 (5th Cir.), cert. denied, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980); United States v. Huber, 603 F.2d 387, 396 (2d Cir.1979), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). Because the action is in personam, the federal district court does not need territorial jurisdiction over the real property sought in the forfeiture action.
The same is not true in Florida. Florida's RICO statute does not make forfeiture a criminal penalty. See § 895.04, Fla. Stat. (1989). Instead, the statute classifies forfeiture as a civil remedy. See Id. § 895.05; see also Delisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982), review denied, 434 So.2d 887 (Fla.1983). Civil forfeiture is recognized by both federal and Florida courts as an in rem proceeding. Conner, 752 F.2d at 576; L'Hoste, 609 F.2d at 813 n. 15; In re Forfeiture of 1986 Pontiac Firebird, 600 So.2d 1178, 1179 (Fla. 2d DCA 1992); Doersam v. Brescher, 468 So.2d 427, 427-28 (Fla. 4th DCA 1985); In re Forfeiture of a 1981 Ford Auto., 432 So.2d 732 (Fla. 4th DCA), review denied, 441 So.2d 631 (Fla.1983); In re Approximately Forty-Eight Thousand Nine Hundred Dollars (48,900.00) in U.S. Currency, 432 So.2d 1382, 1384 (Fla. 4th DCA 1983). To have subject matter jurisdiction in an in rem proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the controversy. Board of Trustees of the Internal Improvement Trust Fund v. Mobil Oil Corp., 455 So.2d 412, 415 (Fla. 2d DCA 1984), approved in part, quashed in part sub nom. Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla.1986), cert. denied, 479 U.S. 1065, 107 S.Ct. 950, 93 L.Ed.2d 999 (1987); see also Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775 (1927); Alternative Development, Inc. v. St. Lucie Club and Apartment Homes Condominium Ass'n., 608 So.2d 822, 826 (Fla. 4th DCA 1992); State, Dept. of Natural Resources v. Antioch University, 533 So.2d 869, 872 (Fla. 1st DCA 1988). When the property that is the subject matter of the controversy is real and the parties are seeking to act directly on the property or the title thereto, jurisdictional authority exists over the property only in the circuit where the land is situated. See Goedmakers v. Goedmakers, 520 So.2d 575, 579 (Fla.1988); Antioch, 533 So.2d at 873; Publix Super Markets, Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484, 486-87 (Fla. 5th DCA 1987); Royal v. Parado, 462 So.2d 849, 854 (Fla. 1st DCA 1985); Board of Trustees, 455 So.2d at 416; Sales v. Berzin, 212 So.2d 23, 24 (Fla. 4th DCA 1968). Ruth argues that this requirement, known as the local action rule, compelled dismissal by the trial court of the instant case. We disagree because we find that this case presents an exception to the local action rule.
While the district court did not provide us with a legitimate basis for relying on the several federal decisions it cited in its opinion, we find that those decisions to a limited extent are consistent with Florida law. Although the federal courts did not mention the local action rule, they recognized its effect. In particular, they recognized that because they did not have in rem jurisdiction over the real property at issue, they did not have jurisdiction to determine the government's interest in the property as against the whole world. Real Property Located at 11205 McPherson Lane, 754 F.Supp. at 1484; Contents of Accounts, 971 F.2d 974 at 984. The courts' analysis however did not end there. The courts also examined whether they had in personam jurisdiction over the defendant. In personam jurisdiction, they concluded, would allow them to determine who between the government and the defendant was entitled to the real property. Real Property Located at 11205 McPherson Lane, 754 F.Supp. at 1484; Contents of Accounts, 971 F.2d 974 at 984.
As in the federal cases, the property at issue here did not fall within the trial court's territorial jurisdiction. Pursuant to the local action rule then, the trial court *186 could not issue an order of forfeiture because such an order vests legal title in the seizing agency. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 966 (Fla.1991).[13] The court could however issue an order declaring who as between the State and defendant was entitled to the property. The local action rule does not preclude an action such as this where the State and defendant only seek an equitable remedy that will not directly affect the property or its title. See General Elec. Capital Corp. v. Advance Petroleum, Inc., 660 So.2d 1139, 1142-43 (Fla. 3d DCA 1995)(relying on Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909)); Royal, 462 So.2d at 853. In personam jurisdiction alone provides the court with the authority to determine the equitable rights of the two parties. See Singer v. Tobin, 201 So.2d 799, (Fla. 3d DCA 1967), cert. denied, 209 So.2d 672 (Fla.1968).
Although a trial court with in personam jurisdiction may determine who as between the State and the defendant is entitled to the property, the court must transfer the case to a court with in rem jurisdiction if the declaration is to be given effect. As indicated above, the local action rule precludes a court that lacks in rem jurisdiction from transferring title. See Alternative Development, 608 So.2d at 826; Publix, 502 So.2d at 486 n. 4. In response to the second certified question, then, a court that does not have territorial and consequently in rem jurisdiction must transfer the case to a court that does. That court can follow the statutory and constitutionally required procedures for determining the interests innocent third parties may have in the property and issue an order of forfeiture that vests legal title to the property in the State.
Accordingly, we approve the district court's decision but we do so for the reasons expressed herein. Although we answer the first certified question in the affirmative, and thereby recognize a trial court's authority to determine who as between the State and a defendant is entitled to the property in a case like this one, we do not recommend that a trial court take such action unless extenuating circumstances require it. Rather, we find that a better course of action is that taken by the trial court in this case. When feasible, the action should be transferred to the court having in rem jurisdiction.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
GRIMES, J., recused.
NOTES
[1] Racketeer Influenced and Corrupt Organizations Act, ch. 895, Fla. Stat. (1989).
[2] This trust fund contained the property to be forfeited.
[3] The State's request for forfeiture was based on section 895.05(2), Florida Statutes (1989), which provides in part:

(2)(a) All property, real or personal, including money, used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of a provision of ss. 895.01-895.05 is subject to civil forfeiture to the state.
[4] The record does not contain an order denying this motion, but we assume it was denied based on the proceedings that followed.
[5] Ruth filed the petition pursuant to rules 9.030(3)(b) and 9.100, Florida Rules of Appellate Procedure.
[6] Ruth appealed the transfer orders pursuant to rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
[7] The trial court did not decide who as between Ruth and the State was entitled to the property, but instead severed and transferred the action to the counties in which the property was located.
[8] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (1994).
[9] The specific provisions these cases address are 21 U.S.C. § 881 (1994) (concerning civil forfeiture proceedings related to drug prosecutions) and 18 U.S.C. § 981(h) (1994) (concerning civil forfeiture proceedings generally). The two provisions are virtually identical.
[10] The Florida Contraband Forfeiture Act is currently set forth in sections 932.701-.707, Florida Statutes (1995).
[11] The federal RICO act does include a provision for civil remedies but that provision does not include forfeiture among the available remedies. 18 U.S.C. § 1964.
[12] 18 U.S.C. § 1963 is titled "Criminal penalties" and provides in part:

(a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962.
[13] We note that a forfeiture order cannot be issued unless due provision has been made for the rights of innocent third parties who may have an interest in the land. See § 895.05(2)(a), Fla. Stat.; see also Department of Law Enforcement, 588 So.2d at 966.