POLEN, J.,
concurs specially with opinion.
I concur in the majority opinion, but write separately to address a concern about the “relating to” clauses contained in the definition of “racketeering activity” in section 895.02(1). If we were writing on a clean slate, (i.e., before this court’s opinion in Kes-sler), I would be inclined to reverse the *137 court’s dismissal of the various predicate offenses of the information that related to collection of an advance fee from a borrower and loan broker fraud.
In United States v. Kopituk, 690 F.2d 1289 (11th Cir.1982), the Eleventh Circuit accepted an argument similar to that made by the state in the instant case. In Kopituk, the court determined the parenthetical language contained within the definition of “racketeering activity” found in 18 U.S.C. § 1961(l)(c), which is similar to Florida’s “relating to” clauses, was not intended to limit the predicate incidents chargeable under the Federal RICO Act. Florida’s RICO Act is modeled after the federal act, such that “Florida courts should look to Federal courts for guidance in interpreting and applying the state act and should accord great weight to federal decisions.” Ruth v. State, Dept. of Legal Affairs, 661 So.2d 901 (Fla. 2d DCA 1995), aff'd, 684 So.2d 181 (Fla.1996).
Thus, it is not entirely clear whether the Florida legislature intended to limit application of the RICO Act as we determined in Kessler. The legislature may wish to examine these differing interpretations of the Federal RICO Act and the Florida RICO Act, to provide more guidance on this question.