762 So.2d 956 (2000)
VL ORLANDO BUILDING CORP., a Florida corporation, Appellant,
v.
AGD HOSPITALITY DESIGN & PURCHASING, INC., a Florida corporation, Joel Miron and Vincent Meola, Appellees.
No. 4D99-2354.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Rehearing Denied July 14, 2000.
Cynthia J. Hoover and Robby H. Birnbaum of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for appellant.
Dario A. Perez and Gary M. Bagliebter of Shutts & Bowen LLP, Miami, for appellees.
KLEIN, J.
Appellant VL Orlando Building Corp. (VL), the owner of property in Orlando, sued appellee, AGD Hospitality Design & Purchasing, Inc. (AGD), for breach of a construction contract for improvements on that property. It filed the suit, however, in Broward County. The contractor, AGD, filed a counterclaim requesting, among other things, foreclosure of a mechanic's lien on the Orlando property. The contractor *957 also moved to transfer venue to Orange County, which the trial court granted, and it is that order which has been appealed.
The owner argues that its suit against the contractor was properly filed in Broward because the contractor's principal place of business is in Broward. The owner contends that the trial court should have granted its motion to dismiss the count for a mechanic's lien on the ground that the Broward court lacked subject matter jurisdiction over that count, because the property was in Orange County. Georgia Cas. v. O'Donnell, 109 Fla. 290, 147 So. 267 (1933)(actions to foreclose liens are regarded as local and can be brought only in the county in which the land lies).
The owner reasons that if the Broward court had no subject matter jurisdiction over the Orlando property, it could only dismiss the mechanic's lien count, not transfer that count along with the rest of the case. Apparently the owner believes that if it had been successful in having the mechanic's lien count dismissed, there would no longer have been any basis for the Broward court to have transferred the remaining counts to Orange County.
The owner's assumption that the Broward circuit court did not have subject matter jurisdiction over the mechanic's lien count is incorrect. Although the exclusive jurisdiction of a circuit court to foreclose a lien on property in that circuit has been loosely referred to as subject matter jurisdiction, Hudlett v. Sanderson, 715 So.2d 1050 (Fla. 4th DCA 1998) and cases cited, that is a misnomer. Subject matter jurisdiction means "the power of the court to adjudicate the class of cases to which the particular case belongs." Crill v. State Road Dep't, 96 Fla. 110, 117 So. 795, 798 (1928). The Broward circuit court has jurisdiction over mechanic lien foreclosures and, accordingly, did not lack subject matter jurisdiction over that count.
The jurisdiction of a circuit court over property in its circuit is, according to the Florida Supreme Court, "territorial" and "in rem" jurisdiction. Ruth v. Department of Legal Affairs, 684 So.2d 181, 186 (Fla.1996). In Ruth, the state was seeking, by complaint filed in Polk County, forfeiture of real property in other counties, and our supreme court concluded that the claims should have been transferred to the courts having "territorial and consequently in rem jurisdiction." Id. at 186.
In Resolution Trust Corp. v. Diaz, 578 So.2d 40, 41 (Fla. 4th DCA 1991), we affirmed an order transferring venue, for the convenience of the parties, under section 47.122, Florida Statutes, under circumstances which are analogous to those in this case. We found no abuse of discretion by the trial court in "transferring venue in the interest of justice to avoid piecemeal litigation and the possibility of inconsistent results." We therefore affirm.
GUNTHER and STEVENSON, JJ., concur.