MAY, J.
John Griveas [tenant] filed a complaint against Amoco Oil Company to determine his rights under a lease and agreement concerning a gasoline station. Amoco counterclaimed for injunctive and other relief. The trial court granted Amoeo’s claim for temporary injunctive relief. The tenant appeals from that order. We reverse in part and remand the case to the trial court for revision of the order as set forth below.
In September 1998, Amoco Oil, BP Amoco’s predecessor, entered into a four-year Commission Marketer Agreement [Agreement] and a corresponding four-year Commissioner Marketer Lease [Lease] with Carmen Aleman. The tenant is Aleman’s assignee.
The Agreement provided Aleman with the right to use and dispense Amoco fuel from the Amoco station for four years. It further provided:
This Agreement shall terminate upon the termination, nonrenewal or expiration, for any reason, of-the Lease. Marketer acknowledges and understands *842 that upon the termination, nonrenewal, or expiration of this Agreement and/or the Lease, Amoco may discontinue operations at the Facility or may continue in possession of the Facility and operate it with its own employees, or establish operations by a contractor, dealer and/or jobber and may, without limitation, transfer, operate or use the Facility in any manner for any purpose.
The Lease encompassed the non-gasoline portion of the station, i.e., convenience store and car wash, for which the tenant paid rent to Amoco. It contained expiration language similar to the Agreement.
On July 11, 2002, the tenant sued Amoco in Broward County for damages and in-junctive relief. The complaint alleged fraud, negligent misrepresentation, and deceptive trade practices. According to the tenant, he met with Amoco’s representatives before the assignment, who gave him certain assurances. First, he would receive a full four-year Agreement and Lease (even though only two years remained on the assigned Agreement and Lease). Second, Amoco would automatically renew the Agreement and Lease for two consecutive four-year terms, provided he was a good operator and the business was profitable. The tenant alleged that he would not have undertaken the substantial investment in the station to increase gas sales and revenues without those representations.
In October, 2002, Amoco filed a counterclaim, alleging breach of contract, delivery of premises, trademark infringement, unfair competition, trademark counterfeiting, and other claims. The counterclaim alleged that the Agreement expired on September 7, 2002. Amoco sought to remove the tenant and prevent him from continuing to sell non-Amoco brand fuel while using Amoco trademarks. It also sought damages resulting from the tenant’s alleged illegal occupation and activities. Amoco then moved to enjoin the tenant’s continuing trespass, trademark infringement, and related illegal acts.
On December 6, 2002, the trial court granted Amoco’s motion for partial summary judgment on the tenant’s fraud and negligent misrepresentation claims. On December 18, 2002, following an evidentia-ry hearing, the trial court granted Amoco’s motion for temporary injunctive relief and entered the order which is the subject of this appeal. It provides the following relief:
1. The court immediately enjoins plaintiff, JOHN GRIVEAS, his officers, agents, servants, employees and attorneys, as well as any other person(s) or entity(ies) acting in concert with plaintiff, from using the Amoco Station and from otherwise remaining on the Amoco Station premises.
2. Plaintiff, JOHN GRIVEAS, his officers, agents, servants, employees and attorneys, as well as any other persons(s) or entity(ies) acting in concert with plaintiff, shall immediately return the Amoco Station and all keys thereto to BP AMOCO, including all fixtures and equipment belonging to BP AMOCO.
8, The court immediately enjoins plaintiff, JOHN GRIVEAS, his officers, agents, servants, employees and attorneys, as well as any other persons(s) or entityfies) acting in concert with plaintiff, from selling gasoline through the pumps at the Amoco Station.
4. The court immediately enjoins plaintiff, JOHN GRIVEAS, his officers, agents, servants, employees and attorneys, as well as any other persons(s) or entity(ies) acting in concert with plaintiff, from further defacing the Amoco Station.
*843 5. BP AMOCO’s bond is set at $300,000.
6. The injunction shall be effective upon the filing of the bond.
(Emphasis supplied).
The tenant argues that the Broward County circuit court erred in entering the order granting injunctive relief because it lacked in rem jurisdiction over the real property, which is located in Palm Beach County. To the extent the language in the order effectively “evicts” the tenant, we agree.
Our supreme court addressed a similar jurisdictional issue concerning the forfeiture of real property in Ruth v. Department of Legal Affairs, 684 So.2d 181 (Fla.1996). In Ruth, the State sought to obtain forfeiture of real property located in another jurisdiction as a consequence for a crime, which had been committed within the territorial jurisdiction of the circuit court. The defendant argued that the circuit court did not have in rem jurisdiction over the real property located in a county outside its territorial jurisdiction.
The supreme court held that “although a trial court with in personam jurisdiction may determine who as between the State and the Defendant is entitled to the property, the court must transfer the case to a court with in rem jurisdiction if the declaration is to be given effect.” Id. at 186. Thus, the court drew a fine line between determining rights to real property as between two litigants and effectuating title to real property.
In this case, the trial court has the authority to determine the litigant’s rights as established by the terms of the Agreement and the Lease. It does not, however, have jurisdiction to essentially “evict” the tenant. See Sheehan v. Marshall, 458 So.2d 481 (Fla. 2d DCA 1984). Only the circuit court in the county where the real property is located has in rem jurisdiction. Id. See also VL Orlando Bldg.Corp. v. AGD Hospitality Design & Purchasing, Inc., 762 So.2d 956 (Fla. 4th DCA 2000); Goedmakers v. Goedmakers, 520 So.2d 575 (Fla.1988); and Publix Super Mkts. Inc. v. Cheesbro Roofing, Inc., 502 So.2d 484 (Fla. 5th DCA 1987).
Therefore, we reverse the order in part, and remand the case to the trial court with directions to delete those portions of the above-quoted order which appear in italics. Amoco may then proceed to effectuate the order in Palm Beach County, where the real property is located and Amoco has already filed an eviction action.
REVERSED AND REMANDED.
WARNER and STEVENSON, JJ., concur.